## Staunton

JOHN BOOTH v. COMMONWEALTH OF VIRGINIA.

September 14, 1955.

Record No. 4378.

Present, All the Justices.

The opinion states the case.

*Broaddus, Epperly & Broaddus* and *William B. Lucas*, for the plaintiff in error.

*J. Lindsay Almond, Jr., Attorney General* and *C. F. Hicks, Assistant Attorney General*, for the Commonwealth.

WHITTLE, J., delivered the opinion of the court.

John Booth was summoned to appear before the Circuit Court of Henry County to show cause why he should not be prohibited from the purchase or possession of alcoholic beverages. The notice alleged "the grounds for which said order of interdiction is being requested is that you are (an) improper person to be allowed to purchase or possess alcoholic beverages". Section 4-51(a), Virginia Code, 1950.[1]

---

[1] INTERDICTION OF INTOXICATED DRIVER OR IMPROPER PERSON. —(a) *Entry of order of interdiction.*—When after hearing upon due notice it shall

Booth answered the notice, asserting that he was a citizen of Virginia and as such was "entitled to purchase and possess alcoholic beverages in accordance with the statutes and laws of the Commonwealth * * *." He denied that he had "shown himself to be an improper person to be allowed to purchase alcoholic beverages", and challenged the constitutionality of the statutory provision.

At the hearing on the notice the Commonwealth introduced evidence of suspicious circumstances which tended to show that Booth was selling alcoholic beverages in violation of law. Being unable to prove that Booth had been "found guilty" of making unlawful sales of alcoholic beverages for which he could have been interdicted under § 4-52(a), Virginia Code, 1950,[2] and not being able to prove that he had "been convicted of driving * * * any automobile, car, truck, motorcycle, engine or train while intoxicated", as contemplated under § 4-51(a), *supra*, the Commonwealth based the request for the order of interdiction solely on these "suspicious circumstances", which were alleged to be sufficient to show Booth to be an "improper person" as contemplated in § 4-51(a), *supra*.

The order from which this appeal was allowed reads in part:

"* * * (I)t appearing to the Court that John Booth has shown himself to be an improper person to be allowed to purchase alcoholic beverages, it is hereby ordered that the said John Booth shall stand interdicted from the date of this order and until the further order of the Court during which time it shall be illegal for the said John

be made to appear to the satisfaction of the circuit court of any county or the corporation court of any city, or the judge thereof in vacation, that any person, residing or sojourning within Virginia, has on or after March twenty-first, nineteen hundred thirty-four been convicted of driving or running any automobile, car, truck, motorcycle, engine or train while intoxicated or has shown himself to be an improper person to be allowed to purchase alcoholic beverages, the court, or the judge thereof in vacation, may make an order of interdiction prohibiting the sale of alcoholic beverages to such person until further ordered. The court or judge entering any such order shall cause a copy of the same to be forthwith filed with the Board.

[2] INTERDICTION FOR ILLEGAL MANUFACTURE, POSSESSION, TRANSPORTATION OR SALE OF ALCOHOLIC BEVERAGES; POSSESSION BY INTERDICTED PERSON UNLAWFUL.—(a) When any person has been found guilty of the illegal manufacture or the illegal possession or the illegal transportation or the illegal sale of alcoholic beverages, the court, or the judge thereof, or the trial justice trying the case, may without further notice or additional hearing enter an order of interdiction prohibiting the sale of alcoholic beverages to such person for one year from the date of the entry of the order, and thereafter if further ordered. Such orders of interdiction shall be published in the same manner and shall have the same effect as orders of interdiction provided for in § 4-51.

Booth to purchase alcoholic beverages or to possess any alcoholic beverages * * *."

Appellant relies upon three assignments of error. One challenges the sufficiency of the evidence, and another the admissibility of certain evidence. We need not consider these, however, for in our view, the remaining assignment of error is decisive. It reads:

"That the judgment of the court was based upon that portion of the above mentioned section [4-51(a)] which provides that a court is empowered to interdict any person who 'has shown himself to be an improper person to be allowed to purchase alcoholic beverages', and that that portion of the statute upon which the judgment was based is illegal and void and contrary to the Constitution and laws of the Commonwealth of Virginia, and of the United States of America."

We are of the opinion that the phrase "improper person" employed in the statute admits of such arbitrary interpretation as to make the provision unconstitutionally vague and indefinite. The interpretation placed on the phrase by one judge may seem the rankest injustice to another, depending entirely upon the prohibition philosophy of the particular judge. See *Kunz* v. *New York*, 340 U. S. 290, 95 L. ed. 280, 71 S. Ct. 312, 328; *State* v. *Klapprott*, 127 N. J. L. 395, 22 A. (2d) 877, cited with approval in *Winters* v. *New York*, 333 U. S. 507, 92 L. ed. 840, 68 S. Ct. 665.

Webster's New International Dictionary, Second Edition (1951), defines "improper" as: "Not proper; not suited to the circumstances, design or end; not appropriate, fit or congruous; * * * not accordant with propriety or good taste or manners; * * *". Such definitions do not lend the certainty whereby the necessary uniformity of enforcement can be had.

It was said in *United States* v. *Cohen Grocery Co.*, 255 U. S. 81, 41 S. Ct. 298, 65 L. ed. 516, 14 A. L. R. 1045:

"The sole remaining inquiry, therefore, is the certainty or uncertainty of the text in question; that is, whether the words 'that it is hereby made unlawful for any person wilfully to make any unjust or unreasonable rate or charge in handling or dealing in or with any necessary' constituted a fixing by Congress of an ascertainable standard of guilt and are adequate to inform persons accused of violation thereof of the nature and cause of the accusation against them. That they are not, we are of the opinion, so clearly results from the mere statement as to render elaboration on the subject

wholly unnecessary. Observe that the section forbids not specific or definite acts. It confines the subject matter of the investigation which it authorizes to no element, essentially inhering in the transaction as to which it provides. It leaves open, therefore, the widest conceivable inquiry, the scope of which no one can foresee and the result of which no one can foreshadow or adequately guard against. In fact, we see no reason to doubt the soundness of the observation of the court below and its opinion to the effect that, to attempt to enforce the section would be the exact equivalent of an effort to carry out a statute in terms which merely penalized and punished all acts detrimental to the public interest when unjust and unreasonable in the estimation of the court and jury. And that this is not a mere abstraction, finds abundant demonstration in the case now before us, since in the briefs of the cases, the conflicting results which have arisen from painstaking efforts of enlightened judges in seeking to carry out the statutes in cases brought before them are vividly portrayed."

The quoted excerpt from the above opinion, which is entirely appropriate here, was cited with approval in *Standard Oil Co.* v. *Commonwealth*, 131 Va. 830, 841, 109 S. E. 316, to which Judge Prentis added: "The statute, to be valid, must, by its language, fairly construed * * * supply the standard by which the guilt of the accused person is to be determined. If the statute does not thus supply such standard, it is invalid for vagueness and uncertainty; * * *".

In *Burstyn, Inc.* v. *Wilson*, 343 U. S. 495, 72 S. Ct. 777, 96 L. ed. 1098, 1121, the Supreme Court had under consideration the revocation of a license, granted by the appropriate New York authorities for the exhibition of a motion picture, on the ground that the picture was "sacrilegious" within the meaning of the New York statute requiring the denial of a license if a film was "sacrilegious". In a concurring opinion holding the statute unconstitutional, Mr. Justice Frankfurter said:

"Prohibition through words that fail to convey what is permitted and what is prohibited for want of appropriate objective standards, offends Due Process in two ways. First, it does not sufficiently apprise those bent on obedience of law of what may reasonably be foreseen to be found illicit by the law-enforcing authority, whether court or jury or administrative agency. Secondly, where licensing is rested, in the first instance, in an administrative agency, the avail-

able judicial review is in effect rendered inoperative. On the basis of such a portmanteau word as 'sacrilegious', the judiciary has no standards with which to judge the validity of administrative action which necessarily involves, at least in large measure, subjective determination."

For unconstitutionally vague measures which have been condemned as violative of Due Process, see *United States* v. *Cohen Grocery Co., supra; A. B. Small Co.* v. *American Sugar Refining Co.,* 267 U. S. 233, 69 L. ed. 589, 45 S. Ct. 295; *Connally* v. *General Constr. Co.,* 269 U. S. 385, 70 L. ed. 322, 46 S. Ct. 126; *Winters* v. *New York, supra; Kunz* v. *New York, supra.*

For the reasons stated, we are of the opinion that the term "improper person" is unconstitutionally vague and indefinite. The Alcoholic Beverage Control Act is severable [Acts of Assembly, 1934, Chapter 94, § 68, page 134], and this decision does not affect the validity of the remaining portions thereof.

*Reversed and dismissed.*