# Richmond

CITY OF WINCHESTER, ETC. ET AL, ETC. v. JOHN D. GLOVER.

April 26, 1957.

Record No. 4646.

Present, Hudgins, C. J., and Eggleston, Buchanan, Miller, Whittle and Snead, JJ.

The opinion states the case.

*J. Randolph Larrick*, for the appellant.

*Henry H. Whiting* (*J. Sloan Kuykendall* and *Thomas V. Monahan*, on brief), for the appellee.

WHITTLE, J., delivered the opinion of the court.

[■ Glover was denied a permit to erect a gasoline service station by the City of Winchester; whereupon he filed a bill in chancery

attacking the constitutionality of Chapter 10, section 16 of the City Code under which the request was denied, and prayed that the city be required to issue the permit.

The issues were submitted to the court on the pleadings. After argument the chancellor entered an order declaring the section unconstitutional and ordered the city to issue the permit.

The section of the chapter dealing with the granting or denial of permits for the erection of gasoline service stations reads:

"Section 16. Same— Grant or denial of a permit. The application for a permit shall be filed with the commissioner of the revenue and by him presented to the council for its approval or disapproval. If the application be approved, the council shall by ordinance authorize the issuance of a permit, but if upon consideration of the application the public safety would be endangered by the filling station for which application is made, the council shall by ordinance refuse to grant a permit."

The attack upon the constitutionality of the section was that it failed to prescribe rules, standards or guides for the granting or withholding of such permit; that under the ordinance the council could grant the permit to one applicant and under the same circumstances withhold it from another; that sole discretion is attempted to be vested in the city council which it may exercise in the interest of one citizen and against the interest of another.

The city concedes that if an ordinance attempts to regulate an ordinary business it must provide a uniform rule of action but contends that the business of operating a gasoline service station is not an ordinary business but one tending to be injurious or dangerous to the public, the conduct of which should be regarded as a privilege rather than a right which the city in the discretionary exercise of its police power may permit or deny. With this we cannot agree.

In *Daniel* v. *Kosh* (1939), 173 Va. 352, 4 S. E. 2d 381, we refused to enjoin the maintenance of a filling station as a nuisance or as a dangerous business. There we said:

"The method of marketing gasoline as here involved is, certainly in its general aspects and features, typical, and is a development of the times. It is not only convenient but necessary in the public interest. Common observation shows that, at least as ordinarily conducted, these filling stations are not, in any practical or empirical sense, dangerous. If otherwise, they would not abound to the extent they do. * * * Rather, such facilities are to be regarded in the light of normal

72 

features of the life of today. And, within reasonable limits, their objectionable elements are to be accepted with the same grace that is called for in the matter of zoning ordinances, building restrictions, traffic regulations and limitations upon the right to contract. New conditions call for new concepts of private rights." (173 Va., at pp. 361, 362, 4 S. E. 2d, at p. 385)

In the light of changing times and modern methods in the handling of petroleum products we cannot say that the operation of a gasoline service station is an inherently dangerous business. Some courts which have held to the contrary in the past now permit the flexible police powers to be adjusted according to existing realities, thus granting the operators of gasoline service stations the right to constitutional protection rather than holding that the operation involves only a privilege to be granted or withheld according to governmental whim. *Bizzell* v. *Board of Aldermen*, 192 N. C. 348, 135 S. E. 50; 49 A. L. R. 755, (Annotation, p. 767).

██ The city next contends that the standard necessary to guide a legislative body in the exercise of a judicial discretion is quite different from that necessary for an administrative body which exercises a delegated discretion. Suffice it to say that a city council is empowered both to legislate and administrate, and in passing upon the permit here in question it was acting solely in an administrative capacity.

As argued by the city, it must be conceded that council is deemed to have acted reasonably in the exercise of its police powers and that every presumption is in favor of the validity of its acts. However, where there is no rule or standard present in the ordinance under which the council is to be guided in the exercise of its administrative powers, this presumption fails. We have many times held that the legality of an ordinance is tested not only by what has been done under its provisions but what may be done thereunder. *Assaid* v. *City of Roanoke*, 179 Va. 47, 51, 18 S. E. 2d 287, 288; *City of Richmond* v. *Model Steam Laundry*, 111 Va. 758, 69 S. E. 932.

The order is

*Affirmed.*