## Richmond

MARSHALL ANDREWS, ET AL. v. BOARD OF SUPERVISORS OF LOUDOUN COUNTY, ET AL.

March 16, 1959.

Record No. 4883.

Present, All the Justices.

The opinion states the case.

*Anna F. Hedrick* (*Hedrick & Moore*, on brief), for the plaintiffs in error.

*John Alexander* and *Stirling M. Harrison*, for the defendants in error.

SPRATLEY, J., delivered the opinion of the court.

█ The controlling issue in this case is the validity of Section XIII D-3 of the Zoning Ordinance of Loudoun County. The Board of Supervisors of that county, in adopting the ordinance, divided the County into six types of districts, one of which it classified as "Rural," Code § 15-845, containing the area here involved.

John W. Koons applied for a permit to operate a quarry, rock crushers, warehouses, and an asphalt plant on a 254-acre tract of land, contracted to be purchased by him, within the district designated as "Rural." Over the vigorous protest of Marshall Andrews and eight other taxpayers and residents of that district, the Board of Zoning Appeals of Loudoun County, on February 1, 1957, granted the use permit, with certain restrictions and limitations upon the ground that the use applied for "would be advantageous to the county at large."

Marshall Andrews and his associates, hereinafter referred to as appellants, appealed to the Circuit Court of Loudoun County, Code, § 15-850, and the Circuit Court by final order, entered on October 21, 1957, ratified and approved the grant of the use permit. We granted this writ of error.

Subsection D-3* of Section XIII, entitled "Permits," reads as follows:

"The Board of Zoning Appeals may grant or deny the application as the Board sees fit, being guided in its decision by its opinion as to whether or not the proposed use would be desirable or advantageous to the neighborhood or the community or the county at large."

Appellants assail this section, first, on the ground that it fails to provide standards, rules, or regulations to guide the members of the Board of Zoning Appeals in the exercise of their discretion and powers. They challenge the validity of the provision as an unconstitutional delegation of legislative power, permitting the Board of Zoning Appeals to act in an arbitrary, unreasonable and capricious manner. They further attack the section, and the grant of the use permit, on other grounds; but in our view of the case it is only necessary to consider whether or not the section provides adequate standards and guides to govern the conduct of the Board of Zoning Appeals.

---

* Cited in a certified copy of the ordinance, exhibited in evidence as Section XIII C-3.

In our determination of the case, it is not necessary to consider any question relative to the power of the Board of Supervisors to delegate ministerial authority to the Board of Zoning Appeals, or the power of that Board to exercise rights under a valid ordinance, or the factual situation. We are concerned only with the validity of Section XIII D-3, as a matter of law.

Section IV of the Zoning Ordinance entitled "R DISTRICTS— RURAL DISTRICTS," provides that none of certain uses, including "Light Industries and Heavy Industries" shall be established in any R District "unless and until a Use Permit therefor shall have been obtained from the Board of Zoning Appeals as provided in Section XIII D of this ordinance."

By an amendment adopted October 19, 1956, Section III, relating to definitions, was amended and quarries, asphalt plants, and rock crushers were classified as "Heavy Industry or Heavy Industrial Use."

The Board of Supervisors on January 3, 1957, prior to the final order of the Circuit Court herein, by an amendment to the zoning ordinance, rezoned the area here involved from "R Districts—Rural Districts" to "H-R Districts—Highway-Residential," in which no quarry or asphalt plant may be established by use permits or otherwise. In the rezoning, no reservation or restriction was made with respect to the use permit theretofore granted to Koons.

Section XII of the ordinance entitled "Interpretation, Purpose and Conflict" reads as follows:

"In interpreting and applying the provisions of this ordinance, they shall be held to the minimum requirement for the promotion of the public health, safety, convenience and general welfare. * * *"

It is well settled in Virginia and elsewhere that zoning is a legislative power residing in the State, which may be delegated to cities, towns and counties. However, when a local municipal authority delegates, or attempts to delegate, such power, as it did in the present case, it must establish standards for the exercise of the authority delegated. There must be provided uniform rules of action, operating generally and impartially, for enforcement cannot be left to the will or unregulated discretion of subordinate officers or boards. *Thompson* v. *Smith*, 155 Va. 367, 379, 381, 154 S. E. 579; *Booth* v. *Commonwealth*, 197 Va. 177, 88 S. E. 2d 916; *Ours Properties, Inc.* v. *Ley*, 198 Va. 848, 96 S. E. 2d 754; *City of Winchester* v. *Glover*, 199 Va. 70, 97 S. E. 2d 661; *Potts* v. *Board of Adj. of Borough of Princeton*,

133 N. J. L. 230, 43 A. 2d 850; *Thomas* v. *Board of Standards and Appeals,* 263 App. Div. 352, 33 N. Y. S. 2d 219, 290 N. Y. 109, 48 N. E. 2d 284; McQuillin, Municipal Corporations (3rd Ed.) Vol. 8, § 25.62, page 109; 101 C. J. S., Zoning, § 26, pages 729 *et seq.*

Section XIII D-3 plainly and palpably offends the law, and must be struck down. Its provisions are too general and wholly vague. It fails to lay down any ascertainable terms or uniformity in the issuance of use permits. It fails to make any distinction between what is desirable and what is advantageous. It does not define "neighborhood" or "community." In setting out in the disjunctive the ascertainment of desirability or advantage of one section of the county as opposed to another, it offers the opportunity for arbitrary action and discrimination among the several areas involved.

The provisions of an ordinance, such as this, must rest upon some rational basis or classification and apply alike to all persons and things falling within a designated class. It is requisite that there be a sufficient basic standard—a definite, certain policy and uniform rule of action—for the guidance of the agency organized to administer the law. It must not permit administrative officers to pick and choose as to who may or may not enjoy a particular use in a certain district. Under the section of the ordinance under review, the Board of Zoning Appeals of Loudoun County can practically act as it sees fit, even to the extent of changing the character of the districts into which the County has been zoned.

The "legality of an ordinance is tested not only by what has been done under its provisions but what may be done thereunder." *City of Winchester* v. *Glover,* 199 Va., *supra,* at page 72.

■ Counsel for the Board of Supervisors and John W. Koons contend that when the provisions of Section XIII D-3 are read in connection with Section XII of the ordinance and Code, § 15-844, to the effect that zoning regulations must be "for the purpose of promoting health, safety, order, prosperity, the conservation of natural resources and the general welfare," sufficient standards are thereby set to guide the Board of Zoning Appeals in the exercise of its discretion in granting use permits.

The above provisions merely set out a rule of policy of the County and the Commonwealth; but they contain no uniform rule or set of standards to guide the Board of Zoning Appeals in the exercise of its duties. The requirement for the establishment of provisions for guidance of the Board of Zoning Appeals is apart from and superior

to the rules or regulations of policy adopted by the Board of Supervisors. A delegation of legislative power to an administrative officer or board is not brought within the permissible limits of such designation by describing the public welfare or good as a standard for the actions of the administrative officer or board. *Panama Refining Co.* v. *Ryan*, 293 U. S. 388, 79 L. ed. 446, 55 S. Ct. 241; *Connally* v. *General Construction Co.*, 269 U. S. 385, 70 L. ed. 322, 46 S. Ct. 126; *Thompson* v. *Smith, supra.*

Our conclusion makes it unnecessary to consider any remaining questions raised by the parties.

For the reasons stated, the order of the Circuit Court is reversed, the action of the Board of Zoning Appeals in granting the use permit to John W. Koons disapproved and voided, the permit annulled, and the proceeding dismissed at the cost of the appellees.

*Reversed and dismissed.*