## CIRCUIT COURT OF AMHERST COUNTY

W. R. Craig

v.

Amherst County
Board of Supervisors

October 22, 1974

By JUDGE ROBERT C. GOAD

The plaintiff, Craig, brought this action to request the Court to declare "The Trailer Parking Ordinance" of Amherst County unconstitutional and void.

Counsel have filed excellent briefs, and the case has been submitted to the Court for decision on the pleadings, with a copy of the ordinance, adopted April 3, 1961, and the amendments thereto, filed as exhibits.

The Court has studied the pleadings, exhibits and applicable law and is of the opinion that the following portions of the ordinance are unconstitutional and void:

1. The following words in the last paragraph of Section 4 of the ordinance: "the location or site of which has been approved by the Amherst County Board of Supervisors."

2. The following words in Section 8H of the ordinance: "the approval of the Amherst County Board of Supervisors as to site or location."

3. All of Section 9.1 of the ordinance.

The above portions of the ordinance are, in the opinion of the Court, unconstitutional and void because they vest in the Board of Supervisors the discretionary power to approve or disapprove the location or site of

a trailer park, trailer camp, or trailer lot without any guidelines or standards for such decision by the Board. The Supreme Court of Virginia has declared several statutes and ordinances to be unconstitutional and void where the power of decision was unaccompanied by proper guidelines or standards to be used in reaching the decision. *City of Waynesboro v. Keiser*, 213 Va. 229 (1972); *York v. City of Danville*, 207 Va. 665 (1967); *Andrews v. Board of Supervisors*, 200 Va. 637 (1959); *City of Winchester v. Glover*, 199 Va. 70 (1957); *Chapel v. Commonwealth*, 197 Va. 406 (1955); and *Thompson v. Smith*, 155 Va. 367 (1930).

Section 35-62 of the Code of Virginia authorizes the Board of Supervisors to regulate by ordinances the location of trailer camps, by prescribing the lots or areas of the county where such trailer camps may be located. The ordinance in question is silent in this respect. The plaintiff also raised the objection that the ordinance did not provide for an appeal to the Circuit Court. If the location of trailer camps is regulated by a proper zoning ordinance, the function of the Board of Zoning Appeals and review by the Circuit Court are provided by law.

A final question is whether the Court must declare the entire ordinance invalid or just the above objectionable portions. Although the absence of a severability clause gives rise to a presumption that the ordinance was intended to stand or fall in its entirety, the test of severability is whether the Board of Supervisors would be satisfied with what remains after the invalid part has been eliminated. *City of Waynesboro v. Keiser, supra*, 235. The title of the ordinance reads: "An Ordinance To Be Known As 'The Trailer Parking Ordinance' For the Purpose of Levying and Collecting a License Tax on the Parking of Trailers in Amherst County, Virginia, and Providing Penalties for the Violation of Said Ordinance (Pursuant to Sections 35-61, 35-62 and Sections 35-64.1 Through 35-64.6 and Other Applicable Sections of the Code of Virginia)." Since the purpose and object of the ordinance as expressed in its title will be unaffected by the elimination of the above invalid portions, the Court holds that the remainder of the ordinance will stay in full force and effect.