## CIRCUIT COURT OF FREDERICK COUNTY

Donald W. Moulden, Sr., et al.

v.

Frederick County Board of Supervisors

December 8, 1987

Case No. (Chancery) C-87-42

By JUDGE ROBERT K. WOLTZ

This involves decision on a declaratory judgment suit instituted by landowners as the result of denial of their application for rezoning of their property RP to a B-1 classification by the Board of Supervisors. The matter was heard *ore tenus* and the evidence presented was in some measure repetitious of that presented by the Board.

The property involved is an unimproved 1.310 acre tract fronting approximately 301 feet on the west side of US Route 11 north of Winchester. Along the frontage is a dual lane highway with median strip which is broken by a crossover opposite the frontage, but very shortly to the north the two dual lanes merge into a three-lane undivided highway. It lies somewhat in the northwest quadrant created by an interchange between that route and Route I-81, and is about 300 feet north of the central point of that interchange.

The zoning ordinance expressly sets out "convenience-type stores" as a permitted use in B-1 districts. The requested rezoning is for a convenience store with twenty-four hour operation. The RP classification is for residen-

tial use which may include certain home occupations. Most of the area on either side of Route 11 north of the interchange is zoned agricultural. In near proximity to the site, there are two industrial-commercial users, both back off the highway, and relatively limited residential development. Traffic counts showed that volume was substantial on Route 11 at this point, particularly so during morning and evening rush hours.

Expert testimony was submitted by the applicant that ingress and egress between the highway and the site would create no traffic dangers. Statements and discussion at the public hearing before the Board showed much concern for the traffic problem. Much was made of the fact that, using the crossover, left hand turns would be necessary to enter the site from the northbound lanes of Route 11 and to exit that site onto those lanes. This was viewed as particularly acute because of a congested traffic area just south of the interchange requiring a traffic light and the fact that just north of this crossover, the northbound lanes merge into a three-lane roadway. Speed and passing opposite the site by faster vehicles endeavoring to get ahead of slower vehicles before the merging of the two northbound lanes were asserted in relation to the lefthand turns.

The concern for traffic hazards was not the only matter mentioned. The landowners point out that the site being at the intersection of two busy highways would not lend itself to residential usage. The Chairman of the Board who voted against the zoning change candidly admitted that use of this property likely would be commercial eventually. Increase in traffic volume and the general affect on them and their properties of the proposed usage of the property were broached by residents of the area.

For the reasons stated below, the declaratory judgment prayed for by the complainant landowners is denied.

Juries are not bound by the opinions of experts. *Opanowich v. Commonwealth*, 196 Va. 342 (1954). Just as much reason exists why a legislative body with its broad discretion should not be so bound. With that preliminary consideration disposed of, the board action is sustained on the basis of the following principles found in cases from the law of zoning:

1. Zoning is a legislative power, *Andrews v. Loudoun County*, 200 Va. 637 (1959). The action of a board in denying an application to rezone is a legislative action. *Loudoun County v. Lerner*, 221 Va. 30 (1980).

2. Because of their knowledge of local needs and conditions, local bodies have wide discretion in enacting and amending zoning ordinances. *Hurt v. Caldwell*, 222 Va. 91 (1981).

3. Like other legislative actions, those on zoning matters are presumed to be reasonable, not unreasonable, arbitrary or capricious, and the burden is on the one who attacks such action to show its invalidity. The principles relating to judicial review of zoning actions is well-stated in 21 Michie Jur., *Zoning and Planning*, § 5 at page 359:

> The general principles applicable to a judicial review of the validity of zoning ordinances are well settled. The legislative branch of a local government, in the exercise of its police power, has wide discretion in the enactment and amendment of zoning ordinances. Its action is presumed to be valid so long as it is not unreasonable and arbitrary. The burden of proof is upon him who assails it to prove that it is clearly unreasonable, arbitrary or capricious, and that is bears no reasonable or substantial relation to the public health, safety, morals or general welfare. The court will not substitute its judgment for that of a legislative body, and, if the reasonableness of a zoning ordinance is fairly debatable, it must be sustained.

Of the many cases footnoted to that statement, *see Fairfax County v. Snell Corp.*, 214 Va. 659 (1974); *City of Richmond v. Randall*, 215 Va. 506 (1975); *Lerner, supra*; *Henrico County v. Fralin and Waldron*, 224 Va. 218 (1981); and *Fairfax County v. Southland Corp.*, 224 Va. 514 (1982).

4. As to "fairly debatable," that criterion is set forth in *Fairfax County v. Williams*, 216 Va. 49, 48 (1975), quoted in *Fairfax County v. Southland Corp., supra*, and cited in *Loudoun County v. Lerner, supra*, in this fashion:

Given the human tendency to debate any question, an issue may be said to be fairly debatable when the evidence offered in support of the opposing views would lead objective and reasonable persons to reach different conclusions.

The action of the Board is presumed to be reasonable. There is probative evidence of unreasonableness and, on the other hand, some evidence of reasonableness. This latter evidence is enough to make "fairly debatable" the matter presented for resolution. This being so, the action of the Board in denying the application for rezoning is sustained, and the prayer of the complaint for declaratory judgment is denied.