## CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Dorey Electric Co.

December 16, 1991

Case No. 903409M11

By Judge John C. Morrison, Jr.

This matter is before the court on the defendant Dorey Electric Company's motion to dismiss the indictment served on it for numerous reasons as stated in the brief filed on behalf of the defendant by counsel and in oral argument.

The Commonwealth relies on § 40.1–49.4(K) of the 1950 Code of Virginia, as amended, which states as follows:

> Any employer who willfully violates any safety or health provisions of this title or standards, rules or regulations adopted pursuant thereto, and that violation causes death to any employee, shall, upon conviction, be punished by a fine of not more than $10,000 or by imprisonment for not more than six months, or by both such fine and imprisonment. If the conviction is for a violation committed after a first conviction of such person, punishment shall be a fine of not more than $20,000 or by imprisonment for not more than one year, or by both such fine and imprisonment.

The defendant argues that it is being charged with a willful criminal violation of rules promulgated by an administrative body under enabling legislation which does not provide a standard to give the Safety and Health Codes Board any guidance or provide proper control for the exercise of discretion allowed and that the effect is to give unbridled discretion to the administrative agency in question and that this is an unconstitutional delegation of legislative power

and violative of due process of law. The Court is persuaded that it should dismiss the indictment for that reason and that it need not reach a decision on the defendant's other assignment of reasons for dismissal. Code § 40.1–22(5) states as follows:

> The Board, with the advice of the commissioner, is hereby authorized to adopt, alter, amend, or repeal rules and regulations to further, protect, and promote the safety and health of employees in places of employment over which it has jurisdiction and to effect compliance with the Federal Occupational Safety and Health Act of 1970 (P.L. 91–596), and as may be necessary to carry out its functions established under this title. The Commissioner shall enforce such rules and regulations. All such rules and regulations shall be designed to protect and promote the safety and health of such employees. In making such rules and regulations to protect the occupational safety and health of employees, the board shall adopt the standard which most adequately assures, to the extent feasible, on the basis of the best available evidence, that no employee will suffer material impairment of health or functional capacity. However, such standards shall be at least as stringent as the standards promulgated by the Federal Occupational Safety and Health Act of 1970 (P.L. 91–596) . . . .

The legislature has failed to set forth a sufficient standard by which action under the delegated legislative power should be exercised in the promulgation of rules and regulations.

In the case of *Chapel v. Commonwealth*, 197 Va. 406 (1955), a case from Norfolk, our Supreme Court at page 410 citing *Thompson v. Smith*, 155 Va. 367, 379, 154 S.E. 579, 71 A.L.R. 604 (1930), said as follows:

> It is a fundamental principle of our system of government that the rights of men are to be determined by the law itself and not by the let or leave of administrative officers or bureaus. This principle ought not to be surrendered for convenience or in effect nullified for the sake of expediency. It is the prerogative and function of the legislative branch of the government, whether state or municipal, to determine and declare what the law shall be, and the legis-

lative branch of the government may not divest itself of this function or delegate it to the executive or administrative officers . . . . The majority of the cases lay down the rule that statutes or ordinances vesting discretion in administrative officers and bureaus must lay down rules and tests to guide and control them in the exercise of the discretion granted in order to be valid . . . .

The court in *Chapel* further cites at page 413 language in the case of *State v. Harris*, 216 N.C. 746, 6 S.E.2d 854:

In licensing those who desire to engage in professions or occupations as may be proper subjects of such regulation, the legislature may confer upon executive officers or bodies the power of granting or refusing to license persons to enter such trade or professions *only when it has prescribed a sufficient standard for their guidance.* (Emphasis added) 16 C.J.S., *Constitutional Law*, page 373, § 138, and cases cited. Where such a power is left to the unlimited discretion of a board to be exercised without the guide of legislative standards, the statute is not only discriminatory but must be regarded as an attempted delegation of the legislative function offensive to both the state and federal constitution . . . .

As stated above, the court is convinced that such is the case here. No adequate standard is expressed either in § 40.1-22(5) or in § 40.1–49.4(K). To the contrary, it is stated clearly in the enabling legislation that "the *board shall adopt the standard* . . . . However, such standard shall be at least as stringent as the standards promulgated by the Federal Occupational Safety and Health Act of 1970 . . . ." (Emphasis added.) This legislation further says that the board may adopt rules and regulations, etc., to further protect and promote the safety and health of employees in the place of employment. The Commonwealth argues that reference to the federal act is sufficient, but the court finds first that it is the legislature and not the Board which must adopt the standards and that even if the board could so act, the language of the statute establishes only a floor with regard to the stringency of such regulations and standards, but it does not define them adequately and leave the board free to adopt almost any standards above that floor that it sees fit.

As pointed out by the defendant, the fact that the statute specifies that the rules and regulations shall be designed to "protect and promote the safety and health" of employees does not cure the defect.

> A delegation of legislative power to an administrative officer or board is not brought within the permissible limits of such designation by describing the public welfare or good as a standard for the actions of the administrative officer or board. *Andrews v. Board of Supervisors*, 200 Va. 637, 641 (1959) (citing *Panama Refining Company v. Ryan*, 293 U.S. 388 (1934)); *Connelly v. General Construction Company*, 269 U.S. 385 (1926).

The case of *Noblecraft Industries, Inc. v. Secretary of Labor*, 614 F.2d 199 (9th Cir. 1980), is instructive here regarding the provision for appropriate standards. The case basically stands for the proposition that Congress did not, by resorting to national Consensus Standards for implementation of the Federal Occupational Safety and Health Act, improperly delegate legislative and administrative power to private organizations, i.e., American National Standards Institute. The term "National Consensus Standard" is defined as any occupational safety and health standard or modification thereof which (1) has been adopted and promulgated by a nationally-recognized standards-producing organization under procedures whereby it can be determined by the Secretary of Labor that persons interested and affected by the scope or provisions of the standard have reached substantial agreement on its adoption; (2) was formulated in a manner which afforded an opportunity for diverse views to be considered, and (3) has been designated as such a standard by the Secretary after consultation with other appropriate Federal agencies.

The adoption of such standards by the legislature, or a more clearly written statute referencing specific standards and more particularly defining the limits of same, if this was the intent of the legislature, would cure the defect perceived by this court.

For all of the reasons stated then, the court finds that the power granted by the legislature in this arena has left to the board in question unlimited discretion to be exercised without the guide of sufficient standards and that the statute must be regarded as an attempted delegation of the legislative function offensive both to the state and federal constitutions. This is particularly so when the legislature de-

fines a crime and states punishment for violation of the regulations in question.