Present: Carrico, C.J., Compton, Stephenson,[1] Lacy, Hassell, Keenan, and Koontz, JJ.

MELVIN K. HELMICK, ET AL.

v.    Record No. 962235    OPINION BY JUSTICE ELIZABETH B. LACY
                                      September 12, 1997
TOWN OF WARRENTON

FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
James H. Chamblin, Judge

In this appeal, we consider whether the trial court properly sustained a demurrer to the landowners' amended bill of complaint challenging the refusal of the Town of Warrenton to consent to the vacation of a subdivision plat.

The property at issue is approximately 3.2 acres of land zoned for multi-family, residential use in the Town of Warrenton (the Town). The property originally was Part 1 of Copper Mill, a townhouse subdivision developed by KRC Corporation. KRC recorded a subdivision plat for Sections 1 and 2 of Copper Mill and obtained approval of a site plan for building townhouses on both sections. Townhouses were built and sold on Section 1. There was no development on Section 2, and the site plan expired.

In 1991, Melvin K. and Myrtlee I. Helmick (the Helmicks) bought Section 2 at a foreclosure sale. They requested an extension of the site plan for townhouses on Section 2, but the Town refused to extend the plan. The Helmicks then sought to develop the property as an apartment complex for the elderly

---

[1] Justice Stephenson participated in the hearing and decision of this case prior to the effective date of his retirement on July 1, 1997.

and requested the Town to vacate the subdivision plat applicable to Section 2 pursuant to § 3-13 of the Town's zoning ordinance.  After a public hearing, the Town voted to withhold its consent to the vacation of the subdivision plat.

The Helmicks filed an amended bill of complaint asserting that the Town's refusal to vacate the subdivision plat was "unreasonable, unwarranted, discriminatory, arbitrary, capricious" and constituted both a permanent and temporary taking of their land without just compensation in violation of Article I, § 11 of the Constitution of Virginia.  The Helmicks also asserted that § 3-13 of the Town's zoning ordinance was unconstitutional because it did not set out standards to be applied by the Town in vacating the subdivision plat.  The Town demurred to the amended bill of complaint.

The trial court sustained the Town's demurrer, deciding initially that the Town's action in refusing to vacate the subdivision plat was a legislative act left to the discretion of the governing body.  Based on this determination, the trial court held that the ordinance was constitutional and that the amended bill of complaint failed to allege facts sufficient to overcome the presumption of reasonableness attaching to a legislative act and failed to allege that the Helmicks had been denied all economic use of their property.  The trial court dismissed the amended bill of complaint with prejudice and without leave to amend.[2]  Because we conclude that the trial

_____

[2] The Helmicks previously filed an original and a substitute bill of complaint.  The trial court sustained demurrers to both pleadings but allowed the Helmicks to file

court did not err in sustaining the Town's demurrer, we will affirm the judgment of the trial court.

I.

The Helmicks first contend that the Town's action in refusing to consent to the vacation of a subdivision plat is an administrative, not a legislative act.  While there are no bright-line rules for the determination of whether an act is administrative or legislative, we have said that administrative acts generally implement existing laws while legislative acts create new ones.  Whitehead v. H and C Development Corp., 204 Va. 144, 150, 129 S.E.2d 691, 695 (1963).  A legislative act involves the "balancing of the consequences of private conduct against the interests of public welfare, health, and safety." Board of Supervisors of Fairfax County v. Southland Corp., 224 Va. 514, 522, 297 S.E.2d 718, 722 (1982).

The ability to regulate the use of land is part of the police power vested in the legislature which can, in turn, be delegated to local governing bodies.  Id. at 521, 297 S.E.2d at 721.  And we have observed that an ordinance that "regulates or restricts conduct with respect to . . . property . . . is purely legislative."  Blankenship v. City of Richmond, 188 Va. 97, 104, 49 S.E.2d 321, 324 (1948).  If allowed by statute, local governing bodies may delegate the exercise of these legislative functions to subordinate bodies, officers, or employees, but the subordinate body's exercise of these

the amended bill of complaint under consideration here.

functions continues to be considered a legislative action. Southland, 224 Va. at 522, 297 S.E.2d at 722; National Maritime Union of America v. City of Norfolk, 202 Va. 672, 680, 119 S.E.2d 307, 312-13 (1961).

The Town's action at issue here is authorized by the Virginia Land Subdivision Act, §§ 15.1-465 through -485. That Act addresses the approval, rejection, and vacation of subdivision plats and delegates this portion of the state's police power to regulate the use of land to local governing bodies. Board of Supervisors of Loudoun County v. Georgetown Land Co., 204 Va. 380, 383, 131 S.E.2d 290, 292 (1963). Section 15.1-481 describes procedures for vacating a subdivision plat when no lots have been sold and specifically requires the "consent of the governing body, or its authorized agent," when the landowners seek the vacation.[3] § 15.1-481(1). Section 3-13 of the Town's zoning ordinance authorizes the vacation of subdivision plats, "in accordance with Section 15.1-481, et seq.," but does not delegate that function to any "authorized agent." Thus, the Town elected to retain exercise of this function.

In so far as the nature of the power exercised is concerned, we see no difference between granting or denying a special use permit, which we have classified as a legislative act, Byrum v. Board of Supervisors of Orange County, 217 Va.

---

[3] The Helmicks' argument that § 15.1-481(1) implies that the legislature intended that this function be delegated and not performed by the governing body is without merit.

37, 41, 225 S.E.2d 369, 372 (1976), and consenting to the vacation of a subdivision plat.[4]  Both actions are taken pursuant to a delegation of the police power.  The determination whether to vacate a subdivision plat, like the decision regarding the grant or denial of a special use permit, is a decision which regulates or restricts the use of property.

The approval and recordation of a subdivision plat requires a governing body to plan for the impact the type of development will have on the infrastructure and services which the locality will have to provide.  Vacating a recorded subdivision plat requires the decision-maker to consider the desires of the landowner in conjunction with the interests of the community in light of the circumstances existing at the time of the proposed vacation.  Such balancing of interests is characteristic of legislative decision-making.  Therefore, we conclude that the trial court correctly determined that the decision of the Town not to consent to the vacation of a subdivision plat was a legislative act.

## II.

The trial court was also correct in sustaining the Town's demurrer to the Helmicks' allegations that the refusal of the Town to consent to the vacation of the plat was unreasonable, unwarranted, arbitrary, capricious, and discriminatory.  On

---

[4] In Byrum, we overruled the holding in City of Winchester v. Glover, 199 Va. 70, 72, 97 S.E.2d 661, 663 (1957), that the grant or denial of a special use permit by the city council was an administrative act.  Byrum, 217 Va. at 41, 225 S.E.2d at 372.

judicial review, the Town's legislative act is vested with a presumption of reasonableness. Southland, 224 Va. at 522-23, 297 S.E.2d at 722; Ames v. Town of Painter, 239 Va. 343, 347, 389 S.E.2d 702, 704 (1990). To withstand a demurrer, the Helmicks had to allege facts which, if true, would be probative evidence that refusal to consent was unreasonable. Concerned Taxpayers of Brunswick County v. County of Brunswick, 249 Va. 320, 328, 455 S.E.2d 712, 716 (1995). If such allegations were made, the demurrer cannot be sustained, and the Town would be required to produce evidence that its action was reasonable. Id.

The facts alleged by the Helmicks as proof of unreasonableness fall into two categories. The first is based on the status of adjoining properties. The Helmicks alleged that an apartment complex exists on the property adjacent to their property's western boundary, and that construction of an apartment complex for the elderly has been approved for property adjoining the southern boundary of their land. The second complex is located on land zoned as C-1 in which apartments are not a permitted use. The Town granted a special use permit for the apartments only three months before it refused to consent to the vacation of the Helmicks' subdivision plat. These facts, the Helmicks assert, show that the Town's action was discriminatory, arbitrary, and capricious.

Refusing to allow a specific use of land is discriminatory when "a land use permitted to one landowner is restricted to another similarly situated." Board of Supervisors of James

City County v. Rowe, 216 Va. 128, 140, 216 S.E.2d 199, 209 (1975).  The Helmicks' pleadings, however, do not allege that either adjacent property was subject to an approved subdivision plat which had to be vacated before the respective apartment complexes could be constructed.  The only allegation supporting the contention that the properties are similarly situated is that they are adjacent.  Adjacency alone is insufficient to establish a zoning discrimination claim.  Id. at 135, 216 S.E.2d at 206-07.

The second category of alleged facts supporting a claim that the Town's action was unreasonable relates to the Town's motivation.  The Helmicks allege that the Town refused to consent to the vacation of the plat "plainly to harass" the Helmicks because of previous litigation brought by the Helmicks against the Town.  In considering whether a legislative act is reasonable, however, generally the motives of the governing body in undertaking the act are immaterial.  Ames, 239 Va. at 349, 389 S.E.2d at 705; Blankenship, 188 Va. at 105, 49 S.E.2d at 324.

The allegations in the pleadings, taken as true, do not support claims that the action was arbitrary, capricious, unwarranted, or discriminatory and are insufficient to overcome the presumption of reasonableness afforded the legislative action of the Town.  Therefore, the trial court properly sustained the Town's demurrer to these claims.[5]

---

[5] The Helmicks also asserted that the trial court erred in referring to the expectations of adjacent landowners in determining the reasonableness of the Town's actions because

III.

The Helmicks also assert that the trial court erred in holding that § 3-13 of the Town's ordinance is constitutional. The Helmicks argue that the section contains no guidelines or criteria to be followed in vacating a subdivision plat and, as such, is over broad and unconstitutional. We disagree.

> Section 3-13 states:
> Any plat of record may be vacated in accordance with the provisions of Section 15.1-481, et seq. of the Code of Virginia.

We first note that, on its face, this ordinance references certain statutory provisions which must be followed in the process of vacating a subdivision plat; thus, it cannot be said that the ordinance contains no more than permission to vacate a plat, devoid of any guidance. And, as noted by the trial court, the Helmicks did not attack § 15.1-481 as invalid because it fails to provide sufficient standards for the exercise of this delegated authority.[6]

More importantly, the general requirement that guidelines accompany the delegation of legislative authority to avoid vesting arbitrary discretion in the decision-maker, Andrews v. Board of Supervisors of Loudoun County, 200 Va. 637, 639, 107

___

such expectations were not part of the pleadings. We do not reach this assignment of error because the trial court's finding that the pleadings were insufficient left the presumption of reasonableness in place and eliminated the need for the Town to produce evidence of reasonableness.

[6] The Helmicks challenge the constitutionality of § 15.1-481 here, but because they did not seek to have the statute declared unconstitutional below, we will not consider the challenge here. Rule 5:25.

S.E.2d 445, 447 (1959), is subject to an exception first set out in Gorieb v. Fox, 145 Va. 554, 563-64, 134 S.E. 914, 917 (1926):

> where it is difficult or impracticable to lay down a definite rule, or where the discretion relates to the administration of a police regulation and is necessary to protect the public morals, health, safety and general welfare.

This exception is premised on the understanding that legislation cannot address every variable which will arise in the application or administration of the delegated authority. See also Maritime Union, 202 Va. at 680-81, 119 S.E.2d at 313.

In a previous case challenging the validity of the Virginia Land Subdivision Act, we recognized that the General Assembly left considerable discretion to the local governments in administering the Act. The Act is valid, nevertheless, because the nature of decisions regarding the subdivision and development of land requires "the local governing body's knowledge of local conditions and the needs of its individual community." Georgetown Land, 204 Va. at 383, 131 S.E.2d at 292. Nor are the decisions of the local governing body made under the Act shielded from judicial review. The decisions are always subject to the standard of reasonableness. Id. at 384, 131 S.E.2d at 292. If the governing body exercises its discretion in an arbitrary, capricious, or unreasonable manner, the aggrieved party has recourse through the courts. Byrum, 217 Va. at 41, 225 S.E.2d at 373; Gorieb, 145 Va. at 566, 134 S.E. at 918.

The decision in this case, the vacation of a subdivision

plat, not only involves the exercise of the police power, but also falls neatly into that category of circumstances in which specific guidelines for making the decision are difficult to craft and depend on local conditions.  As noted above, once a subdivision plat is approved and recorded, the governing body and other landowners expect and rely upon development of the property according to that plan.  Whether abandonment of that plan is advisable for the community will depend on factors unique to that situation.  Thus, local conditions and needs are the factors most important in making the decision.  These factors cannot be distilled into uniform standards applicable to every locality and in every circumstance.  The exercise of this discretion by the Town is not absolute, but fully reviewable, as demonstrated by this litigation.  Accordingly, the trial court correctly held that § 3-13 of the Town's ordinance is valid.

IV.

Lastly, the trial court properly sustained the Town's demurrer to the Helmicks' assertion that the Town's refusal to extend the expired site plan and refusal to vacate the subdivision plat has deprived them of all economically viable use of the land without just compensation in violation of Article I, § 11 of the Constitution of Virginia.  The pleadings do not allege sufficient facts to establish the Helmicks' claim.

There is no unconstitutional taking unless the government's action deprives the landowner of all economic use

of the land.  Board of Supervisors of Prince William County v. Omni Homes, Inc., 253 Va. 59, 72, 481 S.E.2d 460, 467 (1997). The pleadings acknowledge that subdivision of the Helmicks' property into townhouse lots is proper under the zoning ordinance.  The Helmicks did not allege that they had applied for, or were denied, a new site plan or that they had complied with the requirements for obtaining an extension of the site plan under § 15.1-475(E)(1) and were denied such an extension.[7]  Since development of the property with townhouses is an economically viable use of the property, and the pleadings do not assert that the Town has precluded such development, there has been no unconstitutional taking of property.

Accordingly, for the reasons stated, we will affirm the judgment of the trial court.

Affirmed.

---

[7] Section 15.1-475(E)(1) requires that an application for extension of a site plan be filed "prior to expiration of a . . . final site plan."  When the Helmicks applied for an extension of the site plan prior to seeking vacation of the subdivision plat, the site plan had already expired.