## CIRCUIT COURT OF THE CITY OF RICHMOND

Barbara G. Tsapel,
Adm'x

v.

Mark Anderegg et al.

December 2, 1999

Case No. LF-522-4

BY JUDGE RANDALL G. JOHNSON

This is a wrongful death action. It is before the court on defendant's pleas of sovereign and quasi-judicial immunity and motion for partial summary judgment.

From the motion for judgment and the parties' stipulation of facts, it appears that on February 24, 1997, John Ephraim Fariss was voluntarily admitted to Tucker Pavilion with "serious suicidal ideations and a long history of depressive disorder." For several weeks before his admission, Fariss had become very depressed, felt "numb," and contemplated killing himself with a gun. On the date of his admission, he wrote a suicide note to his father, drew the shape of a grave, and expressed that he wanted to be buried in that grave.

Within days of his admission, Fariss began exhibiting very bizarre behavior. On March 1, 1997, he experienced mood swings. On March 3, he became hyperactive, experienced racing thoughts, and said he wanted to leave the hospital. Dr. R. S. Shenoy, Fariss' treating psychiatrist, believed that Fariss was at risk for killing himself and pleaded with Fariss to stay in the hospital. When Fariss refused, Dr. Shenoy requested a Temporary Detention Order (TDO) to prevent Fariss from leaving. The Richmond Behavioral Health Authority (RBHA) was contacted to perform the TDO assessment necessary before such an order can be issued. See Va. Code § 37.1-67.1. The defendant,

Mark Anderegg, a licensed clinical social worker, was the RBHA employee sent to perform the assessment.

When Anderegg arrived at the hospital on March 3, he met with Fariss and with Francis Wood, R.N., the charge nurse on the unit on which Fariss was a patient. Anderegg had never met or spoken with Fariss before. Anderegg did not speak with Dr. Shenoy and did not review Fariss' medical records. Wood told Anderegg that Fariss denied having suicidal thoughts. Based on his conversations with Fariss and Wood, Anderegg decided not to seek a TDO, and Fariss left the hospital on that day. On March 8, 1997, Fariss committed suicide with a gun.

As originally filed, the motion for judgment named Anderegg, RBHA, and Helen J. Smith, Anderegg's supervisor at RBHA, as defendants. By an agreed order entered at the oral argument on defendant's plea and motion, RBHA and Smith were dismissed with prejudice. Accordingly, the case is now against Anderegg only. For the reasons that follow, his plea of sovereign immunity will be sustained, and his motion for partial summary judgment will be granted. The court need not reach the issue of quasi-judicial immunity.

### Sovereign Immunity

Virginia Code §§ 37.1-242 *et seq.* authorize certain Virginia localities, including the City of Richmond, to create "behavioral health authorities." Each such authority is defined by the Code as "a public body and a body corporate and politic organized in accordance with the provisions of this chapter for the purposes and with the powers and duties hereinafter set forth." Richmond created RBHA. Pursuant to a contract with the Commonwealth of Virginia Department of Mental Health, Mental Retardation, and Substance Abuse Services, RBHA has agreed to provide the mental health, mental retardation, and substance abuse services that the city is required to provide under Title 37.1. One of those services is the assessment of persons who are the subjects of TDO proceedings such as the one at issue here. In fact, one of the parties' stipulations is that RBHA is entitled to sovereign immunity. It is plaintiff's argument that Anderegg is not.

*James v. Jane*, 221 Va. 43, 282 S.E.2d 864 (1980), set out a four-pronged test to determine whether an employee of an immune entity is also entitled to immunity. They are (i) the nature of the function performed by the employee; (ii) the extent of the employer's interest and involvement in the function; (iii) whether the act complained of involved the use of judgment and discretion; and (iv) the degree of control and discretion exercised by the employer over the employee.

In her written memorandum in opposition to the plea of sovereign immunity, which was filed before RBHA was dismissed as a defendant, plaintiff's argument was directed at RBHA and was based on public policy. At oral argument, after plaintiff had stipulated that RBHA is entitled to sovereign immunity and after RBHA had been dismissed as a defendant, plaintiff repeated her public policy argument, this time with regard to Anderegg, and also argued that the third factor set out in James — whether the act complained of involved judgment and discretion — was not met by Anderegg. The court rejects both arguments.

With regard to public policy, this court is powerless to act. The doctrine of sovereign immunity is "alive and well" in Virginia. *Wiecking v. Allied Medical Supply*, 239 Va. 548, 551, 391 S.E.2d 258 (1990); *Gargiulo v. Ohar*, 239 Va. 209, 212, 387 S.E.2d 787 (1990); *Messina v. Burden*, 228 Va. 301, 307, 321 S.E.2d 657 (1984). If it is to be repealed, it must be repealed by the legislature, not the courts.

With regard to the exercise of judgment and discretion by Anderegg, the court can think of few functions that involve more judgment and discretion than deciding whether a person should be involuntarily committed for mental treatment. The fact that Anderegg did not speak with Dr. Shenoy or review Fariss' medical records — in other words, did not do what plaintiff alleges a reasonable person would have done — does not make the act ministerial. It only makes it negligent. And negligence is precisely what sovereign immunity protects. Indeed, a non-negligent act needs no immunity. Anderegg is entitled to sovereign immunity here.

### Summary Judgment

Defendant's motion for partial summary judgment involves plaintiff's allegation of gross negligence and her claim for punitive damages. It is plaintiff's position that Anderegg's failure to speak with Dr. Shenoy and his failure to review Fariss' medical records constitute an utter and conscious disregard for Fariss' safety. Again, the court disagrees.

> "Gross negligence" is that degree of negligence which shows an utter disregard of prudence amounting to complete neglect of the safety of another. "It is a heedless and palpable violation of legal duty respecting the rights of others." *Town of Big Stone Gap v. Johnson*, 184 Va. 375, 378, 35 S.E.2d 71, 73 (1945). Gross negligence amounts to the absence of slight diligence, or the want of even scant care. *Id.*

*Frazier v. City of Norfolk*, 234 Va. 388, 393, 362 S.E.2d 688 (1987).

Anderegg did not speak with Fariss' treating psychiatrist or review Fariss' medical records, but he did meet with Fariss and the charge nurse on Fariss' floor. While it may well be argued that Anderegg should have done more, if in fact he did not do more, it cannot be said that he did nothing; that is, that he did not exercise "slight diligence" or "scant care." A case of gross negligence is not present.

Finally, plaintiff has filed a motion for leave to amend her motion for judgment. After considering the tendered amendment and the parties' stipulation of facts, the court concludes that the amendment would also not survive defendant's plea and motion. The motion to amend will be denied.