Present:  All the Justices

ESTES FUNERAL HOME, ET AL.

v. Record No. 022514  OPINION BY JUSTICE CYNTHIA D. KINSER
                                    September 12, 2003
BOB ADKINS, ET AL.

FROM THE CIRCUIT COURT OF WISE COUNTY
Ford C. Quillen, Judge


This appeal involves an equal protection challenge to an ordinance levying fees for solid waste disposal in Wise County.  We conclude that the classifications in the ordinance do not bear a reasonable relation to a legitimate governmental objective and that the record is devoid of evidence of reasonableness sufficient to make the issue fairly debatable.  Thus, we will reverse the judgment of the circuit court upholding the constitutionality of the ordinance.

MATERIAL FACTS AND PROCEEDINGS

The Wise County Board of Supervisors (the Board) enacted an ordinance levying fees for solid waste disposal, Ordinance No. 3-1993, in 1993.[1]  In January 2001,

---

[1] The Board adopted Ordinance No. 3-1993 pursuant to the authority granted in former Code § 15.1-362.1.  The current version of that statute, Code § 15.2-2159(A), authorizes certain counties to "levy a fee for the disposal of solid waste not to exceed the actual cost incurred by the county in procuring, developing, maintaining, and improving the landfill and for such reserves as may be necessary for capping and closing such

the Board amended Ordinance No. 3-1993 and adopted a new fee schedule in order "to appropriately address concerns with increasing amounts of solid waste and more accurately reflect the current costs of solid waste disposal in Wise County."[2]  The new fee schedule set forth in the Ordinance establishes the following classifications and rates:

SOLID WASTE FEE

| Households | $30.00 per year |
|---|---|

BUSINESSES

| Hospitals | $1,200.00-[$]2,000.00 per year |
|---|---|
| Industries | $1,800.00-[$]2,500.00 per year |
| Professional | $100.00-[$]500.00 per year |
| Institutional | $2,500.00 per year |

FOOD ESTABLISHMENTS

| Fast Food | $400.00-$800.00 per year |
|---|---|
| Convenience Stores | $600.00-$1,200.00 per year |
| Supermarkets | $800.00-$1,200 per year |
| Other [R]estaurants | $400.00-$800.00 per year |

OTHER BUSINESSES

| Large Retail | $400.00-$1,200 per year |
|---|---|

---

landfill in the future."  There is no claim in this case that the fees levied exceed the actual solid waste disposal costs incurred by Wise County.

[2] Ordinance No. 3-1993, as amended in 2001, will be referred to in this opinion as "the Ordinance."

2

                Small Retail           $100.00 per year

                Small Service          $100.00 per year

                Other                  $50.00 per year

        After the Board amended Ordinance No. 3-1993 and adopted the new fee schedule, several Wise County businesses filed an amended motion for declaratory judgment against the County of Wise and the members of the Board, alleging that the fee schedule in the Ordinance is "ambiguous, uncertain and does not set any true criteria for the assessment of the landfill use fees."[3]  The complainants further alleged that the solid waste disposal fee levied as to each one of them was "arbitrary" and "made in a discriminatory manner," and that the Ordinance is "unconstitutional" and "void on its face."  The complainants asked the court to declare that the Ordinance is "void and of no effect" and that, therefore, they "are under no obligation to make payment based upon an unconstitutional and void [O]rdinance."

        In response, the defendants moved to dismiss.  They claimed that the complainants had failed to produce

        ---

        [3] The complainants are Estes Funeral Home, G & G Car Wash #1, G & G Car Wash #2, Gary's Accounting & Tax Service, Gilliam Funeral Home, Holding Funeral Home, Indian Creek Monument Sales, Jerry Baker Funeral Home, Johnson Enterprise and Electric, Robo's Drive In, and Roy Green Funeral Home.

evidence establishing the Ordinance's unreasonableness. Continuing, the defendants asserted that the levies were made using "a uniform methodology based on documentation of container size, number of collections, and types of waste generated and comparisons of similar businesses."

At a hearing on the defendants' motion, the circuit court considered the depositions of Shannon C. Scott, who served as the acting county administrator for Wise County when the Board amended Ordinance No. 3-1993, and Delores W. Smith, a deputy commissioner of revenue for Wise County.[4]  Scott first explained the rationale for the Board's decision to adopt a new fee schedule:

> The Board of Supervisors was very concerned about being fair, applying fairness and equity among all the community of users and the Board of Supervisors determined that the only fair way was to attempt to measure how much solid waste was being generated and that you should pay based on how much waste that you were generating.

Continuing, Scott testified that the commissioner of revenue provided a list of businesses in Wise County and using that list, the businesses were categorized. According to both Scott and Smith, the factors then used to classify the businesses and to establish the solid waste disposal fees for the different classifications were

the size of containers available to businesses and the number of times per week the contents of the containers were "pick[ed] up." The fee schedule set forth in the Ordinance contains a range of fees for each business classification, except the classifications of "Institutional," "Small Retail," "Small Service," and "Other," all of which have flat fees. A "LANDFILL USE FEE-RATE SCHEDULE" prepared by Smith and attached as an exhibit to her deposition establishes specific fees for those business classifications in the Ordinance having only a range of fees, except for the classifications of "Industries" and "Professional."[5]

Scott acknowledged that a business "throwing out cardboard" could be charged the same rate as a restaurant "throwing out true refuse and heavy garbage." This is so because the only known factors were the container sizes and the number of "pick-ups" per week. In fact, Smith disavowed that the "contents" of a container played any role in determining the rate classifications in the new fee schedule.

---

[4] Both Scott and Smith served on a committee that drafted the new schedule of fees for solid waste disposal.
[5] The "LANDFILL USE FEE-RATE SCHEDULE" is set out in an addendum to this opinion.

The $30 flat fee adopted for households, which applies to occupied dwellings regardless of size of container or number of "pick-ups" per week, is the same rate set for that classification when Ordinance No. 3-1993 was first adopted in 1993.  Smith stated that "[i]f you lived under a roof and had electricity, you had to pay thirty [dollars] whether you generated any garbage at all."  According to Scott,

> [t]hat figure came up . . . when the original ordinance was adopted to retire the debt on a 1.1 million dollar loan and when the Board of Supervisors approved the 3.1 million dollar loan from the Virginia Resources Authority, it was not the desire and will of the Board to change the residential rate.
>
> They preferred to leave it at thirty dollars and the Minutes would reflect that.

The circuit court concluded that the Ordinance is "valid and constitutional."  The court found that the defendants, "through depositions and exhibits, set forth a methodology for the current fee schedule using frequency of container pick-ups and container size" and that such methodology is "reasonable and thus valid."  Accordingly, the court granted the motion to dismiss.  The complainants appeal from the circuit court's judgment.

ANALYSIS

6

The crux of the complainants' argument before the circuit court and on appeal is that the classifications in the new fee schedule set forth in the Ordinance are not based on "real differences." They contend that the distinction between households and businesses as well as the classifications among businesses do not, in truth, render one class different from another. Thus, the complainants assert that the Ordinance violates the Equal Protection Clause.

The defendants, in contrast, assert that the evidence presented to the circuit court established the reasonableness of the classifications in the Ordinance. The broad categories were determined by separating types of businesses, and the rates for each classification were based on container size and number of "pick-ups" per week. According to the defendants, this methodology and the resulting classifications "are directly related to the purpose of the [O]rdinance which is to collect and to recover costs of waste disposal in a manner that distributes the costs among the more intense producers of waste."

Our review of the challenged Ordinance is guided by well-established principles. Ordinances such as the one at issue in this case are presumed to be valid. That

"presumption governs unless it is overcome by unreasonableness apparent on the face of the ordinance or by extrinsic evidence which clearly establishes the unreasonableness."  Kisley v. City of Falls Church, 212 Va. 693, 697, 187 S.E.2d 168, 171 (1972) (citing National Linen Serv. Corp. v. Norfolk, 196 Va. 277, 279, 83 S.E.2d 401, 403 (1954)); accord Board of Directors of the Tuckahoe Ass'n, Inc. v. City of Richmond, 257 Va. 110, 116-17, 510 S.E.2d 238, 241 (1999); Twietmeyer v. City of Hampton, 255 Va. 387, 390, 497 S.E.2d 858, 860 (1998); Town of Narrows v. Clear-View Cable TV, Inc., 227 Va. 272, 280, 315 S.E.2d 835, 839-40 (1984).

> The litigant attacking legislative action as unreasonable has the burden to establish unreasonableness. . . . [L]egislative action is reasonable if the matter in issue is fairly debatable.  If the presumptive reasonableness of legislative action is challenged by probative evidence of unreasonableness, the challenge must be met by evidence of reasonableness.  If such evidence of reasonableness is sufficient to make the issue fairly debatable, the legislative action must be sustained; if not, the evidence of unreasonableness defeats the presumption and the legislative act cannot be sustained.

Town of Narrows, 227 Va. at 280-81, 315 S.E.2d at 840 (citations omitted); accord Mountain View Limited P'ship v. City of Clifton Forge, 256 Va. 304, 314, 504 S.E.2d 371, 377 (1998); Tidewater Ass'n of Homebuilders, Inc. v. City of Virginia Beach, 241 Va. 114, 122, 400 S.E.2d 523,

528 (1991).  We also accord a "presumption of correctness" to the circuit court's finding.  Tidewater Ass'n, 241 Va. at 122, 400 S.E.2d at 528.

The classifications in the Ordinance and fee schedule are not inherently suspect, see Duke v. County of Pulaski, 219 Va. 428, 432, 247 S.E.2d 824, 826 (1978), and do not infringe upon the exercise of a fundamental right.  Nor do the complainants contend otherwise.  Thus, those classifications are "permissible if the governmental objective is 'legitimate' and the classification[s] bear[] a 'reasonable' or 'substantial' relation thereto."  Id. (quoting Arlington County v. Richards, 217 Va. 645, 648, 231 S.E.2d 231, 233, vacated by 434 U.S. 976 (1977)); see also Nordlinger v. Hahn, 505 U.S. 1, 10 (1992).  The classifications in the Ordinance "carry with them the same presumptions and burdens" as the Ordinance itself and "are not in and of themselves discriminatory."  Kisley, 212 Va. at 697, 187 S.E.2d at 171-72; accord Sheek v. City of Newport News, 214 Va. 288, 290, 199 S.E.2d 519, 521 (1973).

The reasonableness of a classification rests on "whether it embraces all of the classes to which it relates."  City of Newport News v. Elizabeth City County, 189 Va. 825, 841, 55 S.E.2d 56, 65 (1949).  The basis of a

9

classification "must have a direct relation to the purpose of the law, and must present a distinction which renders one class, in truth, distinct or different from another class." Id. Stated differently, equal protection requires only that " 'the classification rest on real and not feigned differences, that the distinction have some relevance to the purpose for which the classification is made, and that the different treatments not be so disparate, relative to the difference in classification, as to be wholly arbitrary.' " City of Portsmouth v. Citizens Trust Co., 216 Va. 695, 698, 222 S.E.2d 532, 534 (1976) (quoting Walters v. City of St. Louis, 347 U.S. 231, 237 (1954)); accord Tuckahoe Ass'n, 257 Va. at 116, 510 S.E.2d at 241.

There is no question that the Board's desire to levy a fair and equitable fee on all users of the solid waste disposal facilities in Wise County, to address the increasing amounts of solid waste, and to adopt a fee schedule that accurately reflects the current costs of solid waste disposal is a legitimate governmental objective. However, the complainants argue that the classifications in the Ordinance and fee schedule bear a no reasonable relation to the legitimate governmental objective and that, therefore, the Ordinance violates the

10

Equal Protection Clause. See Duke, 219 Va. at 434, 247 S.E.2d at 827. Based on the record in this case, we agree with the complainants.

The first distinction in the Ordinance is between households and businesses. We recognize, as Scott and Smith testified, that it is not possible to determine the exact amount of solid waste produced by each household and business. However, the only basis articulated for the $30 yearly flat fee set for the classification of "Households" was that the Board simply wanted to leave the rate for that classification at the same level that was established when Ordinance No. 3-1993 was adopted. The Board's rationale bears no relation to the governmental objective of establishing a fair and equitable fee schedule that is based on the size of containers and the number of "pick-ups" per week, and that reflects the current costs of solid waste disposal in Wise County. Nor does it explain why the Board set a flat rate for the classification of "Households" as well as for certain business classifications, i.e., "Institutional," "Small Retail," "Small Service," and "Other," but established a range of fees for the other business classifications. The government "may not rely on a classification whose relationship to an asserted goal is so attenuated as to

11

render the distinction arbitrary or irrational." City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 446 (1985).

Our conclusion does not mean that flat fees are per se impermissible. For example, in Mountain View the municipal ordinance at issue established refuse collection charges by classifying residential and commercial users and setting different flat rates for the various classifications. 256 Va. at 306, 504 S.E.2d at 372. The rate for single family residences receiving weekly service was $13.50 per month. However, the rate for apartment house owners collecting refuse in "dumpsters" and receiving weekly or biweekly service was $12.55 per month for each residential unit. Id. Businesses requiring one collection per week were charged $13.50 per month. Id. at 307, 504 S.E.2d at 372.

Although the former city manager conceded in Mountain View that the cost of refuse collection from businesses did not differ from the cost of collecting refuse from apartment buildings, we concluded that the evidence of reasonableness was sufficient to make the issue fairly debatable. Id. at 313-14, 504 S.E.2d at 377. The municipality presented evidence not only showing that it was impractical to weigh refuse at the point of collection

12

but also establishing that the per residential unit rate charged to an apartment complex reflected the greater volume of waste generated by such a facility.  Id. at 314-15, 504 S.E.2d at 377.  In contrast, evidence that would make the reasonableness of the Ordinance's distinction between households and businesses a fairly debatable issue is absent from the record in this case.

The absence of evidence demonstrating the reasonableness of the various business classifications and the relationship of those classifications to the Board's stated governmental objective is even more glaring. Despite repeated assertions by Smith and Scott that the business classifications turned on the size of containers and number of "pick-ups" per week, that distinction is not borne out in either the Ordinance itself or the "LANDFILL USE FEE-RATE SCHEDULE."  For example, according to the "LANDFILL USE FEE-RATE SCHEDULE," a large retail business with a small container of 0-1000 gallons that is picked up one to three times per week is charged a fee of $400, a "fast food" restaurant with the same size container but with one to four "pick-ups" per week is also charged a fee of $400, but a convenience store with a 0-1000 gallon container and only one "pick-up" per week has to pay $600. While the nature of the solid waste generated by a

13

convenience store may place greater demand on the solid waste disposal facilities in Wise County than the solid waste produced by a large retail business or "fast food" restaurant, the record is devoid of any evidence establishing such a distinction among these classifications or any others.  Instead, Smith affirmatively stated that the "contents" of a container had no bearing on the classifications in the Ordinance or on the fees charged.

Nor is there any evidence explaining the basis for classifying certain businesses like households and setting a flat fee for those businesses when the classifications were supposedly based on size of containers and number of "pick-ups."  In other words, the classifications set forth in the Ordinance and the "LANDFILL USE FEE-RATE SCHEDULE" are not based on distinctions that render "one class, in truth, distinct or different from another class."  City of Newport News, 189 Va. at 841, 55 S.E.2d at 65.  The Equal Protection Clause "keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike."  Nordlinger, 505 U.S. at 10.

CONCLUSION

In sum, we conclude that the complainants carried their burden of establishing the unreasonableness of the

14

classifications in the Ordinance.  That unreasonableness not only is apparent on the face of the Ordinance but also was clearly shown by extrinsic evidence.  When, as here, "the presumptive reasonableness of legislative action is challenged by probative evidence of unreasonableness, the challenge must be met by evidence of reasonableness . . . sufficient to make the issue fairly debatable."  Town of Narrows, 227 Va. at 281, 315 S.E.2d at 840.  The defendants failed to present evidence of reasonableness sufficient to make the issue fairly debatable.  Thus, the Ordinance cannot be sustained.  See id.

For these reasons, we will reverse the judgment of the circuit court and enter judgment here in favor of the complainants.

Reversed and final judgment.

15

ADDENDUM

COUNTY OF WISE, VA
LANDFILL USE FEE-RATE SCHEDULE

## I.  CONVENIENCE STORES

| CLASSIFICATION | SIZE / FEE AMOUNT | #PICK-UPS |
|---|---|---|
| CANS | 1-4 CANS | 1 PU |
| SMALL | $600.00 | |
| SMALL CONTAINER | 2 CUBIC YDS | 1 PU |
| SMALL | $600.00 | |
| | (0-1000 GALLONS) | 3-4 PU |
| MEDIUM | $800.00 | |
| | | 4+ PU |
| LARGE | $1,200.00 | |
| MEDIUM CONTAINER | 4-6 CUBIC YDS | 4 CUBIC YDS- |
| | (1000-3000 GALLONS) | 1-2 PU |
| MEDIUM | $800.00 | |
| | | 3-5 PU |
| LARGE | $1,200.00 | |
| | | 6 CUBIC YDS- 1 PU |
| MEDIUM | $800.00 | |
| | | 2-5 PU |
| LARGE | $1,200.00 | |
| LARGE CONTAINER | 8-18 CUBIC YDS | 8 CUBIC YDS- 1 PU |
| | (3001+ GALLONS) | |
| MEDIUM | $800.00 | |
| | | 2-5 PU |
| LARGE | $1,200.00 | |
| | | 10+ CUBIC YDS- 1+ PU |
| LARGE | $1,200.00 | |

COUNTY OF WISE, VA
LANDFILL USE FEE-RATE SCHEDULE

## II. LARGE RETAIL

| CLASSIFICATION | SIZE FEE AMOUNT | #PICK-UPS |
|---|---|---|
| CANS | 1-4 CANS | 1 PU |
| SMALL | $400.00 | |
| | | |
| SMALL CONTAINER | 2 CUBIC YDS | 1-3 PU |
| SMALL | $400.00 | |
| | (0-1000 GALLONS) | 4-7 PU |
| MEDIUM | $600.00 | |
| | | 8+ PU |
| LARGE | $1,200.00 | |
| | | |
| MEDIUM CONTAINER | 4-6 CUBIC YDS | 4 CUBIC YDS- |
| | (1000-3000 GALLONS) | 1 PU |
| SMALL | $400.00 | |
| | | 2-3 PU |
| MEDIUM | $600.00 | |
| | | 4+ PU |
| LARGE | $1,200.00 | |
| | | 6 CUBIC YDS- |
| | | 1-3 PU |
| MEDIUM | $600.00 | |
| | | 4+ PU |
| LARGE | $1,200.00 | |
| | | |
| LARGE CONTAINER | 8-12 CUBIC YDS | 1-2 PU |
| MEDIUM | $600.00 | |
| | (3001+ GALLONS) | 3-5 PU |
| LARGE | $1,200.00 | |

COUNTY OF WISE, VA
LANDFILL USE FEE-RATE SCHEDULE

## III. OTHER RESTAURANTS

| CLASSIFICATION | SIZE<br>FEE AMOUNT | #PICK-UPS |
|---|---|---|
| CANS<br>SMALL | 1-4 CANS<br>$400.00 | 1 PU |
| SMALL CONTAINER<br>SMALL | 2 CUBIC YDS<br>$400.00 | 1-4 PU |
| MEDIUM | (0-1000 GALLONS)<br>$600.00 | 5-7 PU |
| LARGE | $800.00 | 8+ PU |
| MEDIUM CONTAINER | 4-6 CUBIC YD<br>(1000-3000 GALLONS) | 4 CUBIC YDS-<br>1-2 PU |
| SMALL | $400.00 | |
| MEDIUM | $600.00 | 3-4 PU |
| 5+ PU | LARGE | $800.00 |
| | | 6 CUBIC YDS-<br>1-3 PU |
| MEDIUM | $600.00 | |
| LARGE | $800.00 | 4+ PU |
| LARGE CONTAINER<br>MEDIUM | 8-12 CUBIC YDS<br>$600.00 | 1-2 PU |
| LARGE | (3001+ GALLONS)<br>$800.00 | 3-5 PU |

COUNTY OF WISE, VA
LANDFILL USE FEE-RATE SCHEDULE

## IV.  FAST FOOD RESTAURANTS

| CLASSIFICATION | SIZE FEE AMOUNT | #PICK-UPS |
|---|---|---|
| CANS | 1-4 CANS | 1 PU |
| SMALL | $400.00 | |
| | | |
| SMALL CONTAINER | 2 CUBIC YDS | 1-4 PU |
| SMALL | $400.00 | |
| | (0-1000 GALLONS) | 5-7 PU |
| MEDIUM | $600.00 | |
| | | 8+ PU |
| LARGE | $800.00 | |
| | | |
| MEDIUM CONTAINER | 4-6 CUBIC YDS | 4 CUBIC YDS- |
| | (1000-3000 GALLONS) | 1-2 PU |
| SMALL | $400.00 | |
| | | 3-4 PU |
| MEDIUM | $600.00 | |
| | | 5+ PU |
| LARGE | $800.00 | |
| | | 6 CUBIC YDS- |
| | | 1-3 PU |
| SMALL | $600.00 | |
| | | 4+ PU |
| MEDIUM | $800.00 | |
| | | |
| LARGE CONTAINER | 8-12 CUBIC YDS | 1-2 PU |
| MEDIUM | $600.00 | |
| | (3001+ GALLONS) | 3-5 PU |
| LARGE | $800.00 | |

COUNTY OF WISE, VA
LANDFILL USE FEE-RATE SCHEDULE

## V. SUPERMARKETS

```
                        SIZE              #PICK-UPS
CLASSIFICATION       FEE AMOUNT
                -------------------------------------------------
-------------------------
SMALL CONTAINER    2-6 CUBIC YDS           1-6 PU
SMALL            $800.00
                 (0-3000 GALLONS)          7+ PU
LARGE            $1,200.00


LARGE CONTAINER    8-18 CUBIC YDS      8 CUBIC YDS-
                  (3001+ GALLONS)         1-4 PU
SMALL            $800.00
                                           5+ PU
LARGE            $1,200.00

                                      10 CUBIC YDS-
                                          1-3 PU
SMALL            $800.00
                                           4+ PU
LARGE              $1,200.00

                                      12+ CUBIC YDS-
                                          1-2 PU
SMALL            $800.00
                                           3+ PU
LARGE            $1,200.00
```

20

COUNTY OF WISE, VA
LANDFILL USE FEE-RATE SCHEDULE

## VI.  HOSPITAL, MEDICAL, ETC.

| CLASSIFICATION | SIZE FEE AMOUNT | #PICK-UPS |
|---|---|---|
| SMALL CONTAINER | 2-6 CUBIC YDS | 1-6 PU |
| SMALL | $1,200.00 | |
| | (0-3000 GALLONS) | 7+ PU |
| LARGE | $2,000.00 | |
| | | |
| LARGE CONTAINER | 8-18 CUBIC YDS | 8 CUBIC YDS- |
| | (3001+ GALLONS) | 1-4 PU |
| SMALL | $1,200.00 | |
| | | 5+ PU |
| LARGE | $2,000.00 | |
| | | 10 CUBIC YDS- |
| | | 1-3 PU |
| SMALL | $1,200.00 | |
| | | 4+ PU |
| LARGE | $2,000.00 | |
| | | 12+ CUBIC YDS- |
| | | 1-2 PU |
| SMALL | $1,200.00 | |
| | | 3+ PU |
| LARGE | $2,000.00 | |