## CIRCUIT COURT OF BOTETOURT COUNTY

Leslie D.. Booher et al.,
Trustees of Rainbow Forest
Baptist Church

v.

Botetourt County
Board of Supervisors et al.

April 29, 2004

Case No. CH03-280

BY JUDGE CHARLES N. DORSEY

This matter is before the Court on Defendants' demurrers, special plea, and Petitioners' request seeking leave to amend their pleadings pursuant to Rule 1:8. For the following reasons, the Court overrules the Defendants' demurrers and denies the special plea. As a result of this decision, the Petitioners are granted leave to amend their pleadings.

*Facts*

On September 28, 1997, the Brookfield Subdivision Plat was recorded in the Plat Books of Botetourt County. The survey of the subdivision provided for a "Future Road" between Lot 6 and Lot 7 on the Northeast side of Brookfield Lane. The Future Road connected Brookfield Lane to property owned, at that time, by George L. and Sarah R. Turpin. Mr. Turpin subsequently conveyed the property to the Petitioners on December 3, 1998.[1]

---

[1] Mrs. Turpin passed away prior to such conveyance.

Thereafter, the Petitioners here, the Trustees of Rainbow Forest Baptist Church, hired Providence Engineering to design plans for developing the Church. Providence prepared the plans and submitted copies to Botetourt County. The plan maintained use of the Future Road by the Church for access to Brookfield Lane. The Associate County Planner informed Providence that the proposed road was a right-of-way that had been dedicated to the County and that the Church did not have the legal right to develop the road. Approximately two months later, the Botetourt County Board of Supervisors scheduled a public hearing to consider vacating and abandoning the proposed Future Road.

On November 25, 2003, the Board adopted an ordinance vacating and abandoning any plans for construction of the Future Road on that Plat for the subdivision adjacent to the Church. In response, the Petitioners appealed in accordance with Virginia Code § 15.2-2272 and filed a Motion for Declaratory Judgment on December 16, 2003, requesting that the Court declare this ordinance null and void. Petitioners base their appeal upon the following statutory language:

Where any lot has been sold, the plat or part thereof may be vacated ... by ordinance of the governing body of the locality in which the land shown on the plat or part thereof to be vacated lies on motion of one of its members or on application of any interested person. ... An appeal from the adoption of the ordinance may be filed within thirty days with the circuit court having jurisdiction of the land shown on the plat or part thereof to be vacated. Upon appeal the court may nullify the ordinance if it finds that the owner of any lot shown on the plat will be irreparably damaged.[2]

The Petitioners assert that their lot, located northeast of the subdivision and formerly owned by the Turpins, will be irreparably damaged by the vacation of the Future Road.

There are four motions now before the Court. First, the Board has demurred to the Petitioners' motion for judgment on the grounds that it does not plead facts sufficient to overcome the presumption favoring the validity of local ordinances. Second, Defendant, Kathy Coldewey, as an intervenor, has also demurred, arguing that Petitioners failed to state a claim under § 15.2-2272. Third, Defendant Coldewey filed a special plea contending that the Petitioners lack standing to sue under Virginia Code § 15.2-2272. Fourth and finally, Ms. Coldewey opposed the Petitioners' request for leave to amend asserting that it was untimely and futile. The Board joined this request at the time of hearing in this matter on April 6, 2004.

---

[2] Va. Code §§ 15.2-2272, 15.2-2272(2).

*Analysis*

1.A. *Demurrer to Motion for Judgment for Failure to Allege Facts Sufficient to Overcome Presumption of Reasonableness*

Generally, the purpose of a demurrer is only to test the legal sufficiency of the pleadings.[3] Since all material facts pleaded, implied, or which may be inferred are to be taken as true, "the sole question to be decided by the trial court is whether the facts ... are legally sufficient to state a cause of action against the defendant."[4] These facts and inferences are viewed in the light most favorable to a plaintiff,[5] however, a plaintiff is not entitled to the assumption that his legal theories are correct.[6]

The Board's demurrer asserts that the enactment of an ordinance vacating a portion of a subdivision plat is a legislative act, and, therefore, a presumption of validity attaches.[7] This presumption can only be overcome where the ordinance is unreasonable on its face or where extrinsic evidence demonstrates that the ordinance is unreasonable.[8] "To withstand a demurrer, the [Petitioners] must allege facts which, if true, would be probative evidence that [the Board's actions were] unreasonable."[9] The Board asserts that the motion for judgment has not satisfied this requirement.

However, all of the cases cited by the Board, including *Helmick v. Town of Warrenton*,[10] dealt with challenges to the validity of ordinances.[11] In those

---

[3] "On demurrer, a court may examine not only the substantive allegations of the pleading attacked but also any accompanying exhibit mentioned in the pleadings." *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993) (quoting *Flippo v. F & L Land Co.*, 241 Va. 15, 17, 400 S.E.2d 156, 156 (1991)).

[4] *Thompson v. Skate Am., Inc.*, 261 Va. 121, 128, 540 S.E.2d 123, 126-27 (2001).

[5] *W. S. Carnes, Inc. v. Board of Supervisors*, 252 Va. 377, 384, 478 S.E.2d 295, 300 (1996).

[6] *Ward's Equip., Inc. v. New Holland N. Am., Inc.*, 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997).

[7] *E.g., Estes Funeral Home v. Adkins*, 266 Va. 297, 303, 586 S.E.2d 162, 165 (2003).

[8] *Id.*

[9] *Helmick v. Town of Warrenton*, 254 Va. 225, 230, 492 S.E.2d 113 (1997).

[10] *Id.* The Board incorrectly states that *Helmick* was decided upon the predecessor to § 15.2-2272. In actuality, the Supreme Court of Virginia based its holding upon § 15.1-481, which was the predecessor to § 15.2-2271.

[11] *Id.; see Estes*, 266 Va. at 302-03, 586 S.E.2d at 165; *Kisley v. City of Falls Church*, 212 Va. 693, 694, 187 S.E.2d 168, 170 (1972); *National Linen Serv. Corp. v. City of Norfolk*, 196 Va. 277, 279, 83 S.E.2d 401, 403 (1954).

instances, the plaintiffs sought invalidation on the grounds that the ordinances were arbitrary and unreasonable. Generally, this is the only remedy available when challenging such a legislative act.[12]

Here, though, the Petitioners do not challenge the validity of the ordinance. Rather, they assert a statutory right of appeal expressly provided by Code § 15.2-2272(2). This statute specifically gives the court the power to "nullify the ordinance" if irreparable damage is shown. While the Petitioners must demonstrate that the ordinance will cause them irreparable damage, the statute does not require a finding that the ordinance was invalid, nor proof that the ordinance was unreasonable.[13]

Additionally, in *Helmick*, which is one of the few Virginia cases addressing the vacation of plats, the Supreme Court addressed only the first subsection of § 15.1-481.[14] The first subsection of this statute, which is now codified at 15.2-2271(1), discusses the procedures for obtaining governmental consent where the owners have collectively agreed to vacate the plat or a portion thereof. There is no right of appeal provided within this subsection.

Conversely, both §§ 15.2-2271(2) and 15.2-2272(2) provide a statutory right of appeal where the plat or a portion of the plat is vacated by an ordinance. In *Helmick*, no statutory remedy was available, so the only option was to contest the validity of the Town's decision by claiming it was arbitrary and unreasonable. But here, § 15.2-2272(2) clearly affords a right to appeal the adoption of an ordinance vacating a plat, and, further, it conveys to the circuit court the power to nullify that ordinance if irreparable damage is shown. The statute does not require invalidation of the ordinance, hence it does not require a showing of unreasonableness.

For the foregoing reasons, the Court overrules this demurrer.

1.B. *Demurrer to Motion for Judgment for Failure to Satisfy the Pleading Requirements of Va. Code § 15.2-2272*

In addition to concurring with the grounds expressed in the Board's demurrer, Defendant Coldewey's demurrer urges that the Petitioners' assertion that they own a lot "immediately adjacent" to the subdivision that will be harmed is insufficient to qualify for relief under § 15.2-2272. Although

---

[12] *See City Council v. Wendy's of W. Virginia*, 252 Va. 12, 14-15, 471 S.E.2d 469 (1996); *Board of Supervisors v. Pyles*, 224 Va. 629, 637-38, 300 S.E.2d 79, 84 (1983); *Runion v. Roanoke County Supervisors*, No. CH03-296, letter op. at 2-3 (Roanoke County Apr. 22, 2004) [this opinion is printed above, at page 41].

[13] Va. Code § 15.2-2272(2).

[14] *See* 254 Va. at 229, 492 S.E.2d 113.

Petitioners' lot is adjacent to the subdivision, the lot is shown on the subdivision plat. The plain language of the statute allows the court to "nullify the ordinance if it finds that the *owner of any lot shown on the plat* will be irreparably damaged."[15] Because the Petitioners satisfy this requirement, the demurrer is overruled.

## 2. Special Plea to Petitioners' Standing Under Va. Code § 15.2-2272

The doctrine of standing exists "to ensure that the person who asserts a position has a substantial legal right to do so and that his rights will be affected by the disposition of the case."[16] Virginia's enabling statutes and subsequent cases apply this principle to land use and zoning by referencing "proximity" as an important factor affecting an entity's legal right to appeal.[17] Notice statutes, such as Virginia Code § 15.2-2204(B), mirror this focus on proximity, providing that notice should be given to "the owners of ... all abutting property and property immediately across the street or road from the property affected. ..."[18] Thus, where standing is conferred by statute, it often hinges on whether the party seeking to sue or appeal is close enough in proximity to challenge the land use.

As a general rule, such "statute[s] permitting aggrieved persons to appeal [are] to be liberally construed."[19] The primary objective of statutory construction, however, remains "to ascertain and give effect to legislative intent."[20] At issue here is a statute that, on its face, permits an appeal by any lot owner shown on the subdivision plat containing the Future Road that the County Board has voted to vacate. Even without applying liberal construction, this Court finds that Virginia Code § 15.2-2272 confers standing to appeal the Board's decision to Petitioners.

---

[15] Va. Code § 15.2-2272(2) (emphasis added).

[16] *Cupp v. Board of Supervisors*, 227 Va. 580, 589, 318 S.E.2d 407, 411 (1984).

[17] *See, e.g., Virginia Beach Beautification Comm'n v. Board of Zoning Appeals*, 231 Va. 415, 420, 344 S.E.2d 899, 903 (1986) (finding the fact that a corporation "neither owns nor occupies real property within or in close proximity to the property that is the subject of the variance" significant to the question of standing); *WANV, Inc. v. Houff*, 219 Va. 57, 64, 244 S.E.2d 760, 764 (1978) (finding the first step in a standing inquiry is to determine whether the landowner owns property "within, or in close proximity to, the district.").

[18] *See also* Va. Code § 15.2-2286(A)(4) (requiring "all adjoining property owners" to receive notice of a proposed variance).

[19] *Carolinas Cement Co. v. Zoning Appeals Bd.*, 52 Va. Cir. 6, 18 (2000) (quoting Edward H. Zeigler, Jr., *Rathkopf's The Law of Zoning and Planning*, § 37.03 (4th ed. 1999)).

[20] *Turner v. Commonwealth*, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983).

Defendant Coldewey urges the Court to find that § 15.2-2272(2) excludes the Petitioners' property, as it is not within the subdivision containing the vacated street. Rather, the property appears on the plat only as an adjacent lot. In support of this interpretation, Defendant cites Va. Code § 15.2-2274, which vests ownership of a vacated road only in the abutting lot owners of the subdivision, even where the road is on the periphery of the subdivision. Petitioners responded at oral argument that although their property is not technically part of the subdivision, it nevertheless appears as an adjacent landowner on the subdivision plat. Therefore, they contend, the statute grants them standing as an "owner of any lot shown on the plat."

"Lot" is defined as "[a] tract of land, especially one having specific boundaries or being used for a given purpose."[21] The word is not specifically defined within Title 15.2 of the Virginia Code[22] and there is nothing within this title that would suggest limiting the definition. When specifically discussing a tract of land in a subdivision, the General Assembly, within Title 15.2, typically does not use the term "lot" standing alone, usually it is preceded or followed by "subdivision" or "subdivided."[23] Additionally, the General Assembly does not exclusively use the term "lot" in describing subdivided parcels of land.[24]

As further indicia of the General Assembly's intent to include the Petitioners' property, Va. Code § 15.2-2272(2) states that an appeal from the ordinance is to be filed "with the circuit court having jurisdiction of the *land*

---

[21] *Black's Law Dictionary* 958 (7th ed. 1999). Although Botetourt County Municipal Code § 21-51(b) defines "lot" as "a numbered and recorded portion of a subdivision having fixed boundaries, designated on a plat or survey," this definition has no legal effect on the Court's interpretation of the Virginia Code.

[22] However, "lot" is defined within Titles 8.2 and 55. Title 8.2 deals only within the sales of goods context, so the definition there relates to tangible goods. Within Title 55: Property and Conveyances, the word is defined twice. Section 55-337, which falls within the Subdivided Land Sales Act, defines "lot" as "any unit, parcel, division, or piece of land or interest in land except utility easements if such interest carries with it the exclusive right to use a specific portion of property." Section 55-509, which supersedes the Subdivided Land Sales Act for developments on or after July 1, 1998, defines "lot" as "any plot or parcel of land designated for separate ownership or occupancy shown on a recorded subdivision plat for a development. . . ."

[23] *See* Va. Code §§ 15.2-2242(3), 15.2-2256, 15.2-2267, 15.2-2404.

[24] *See* Va. Code § 15.2-2201 (" '*Subdivision*.' . . . means the division of a parcel of land into three or more lots or parcels. . . ."); Va. Code § 15.2-2244(A) (" a subdivision ordinance shall provide for reasonable provisions permitting a single division of a lot or parcel" ); Va. Code § 15.2-2254(4) (" subject to a fine of not more than $500 for each lot or parcel of land so subdivided" ); Va. Code § 15.2-2275 (" as a part of its subdivision ordinance, that the boundary lines of any lot or parcel of land may be vacated" ); Va. Code § 15.2-2404 (" for any one subdivided lot or parcel" ).

*shown on the plat* or part thereof to be vacated."[25] The terminology of "land shown on the plat," as used by the statute, encompasses all of the land included within the subdivision plat. Thus, the circuit court has venue to hear an appeal from an ordinance vacating a plat or portion thereof, so long as the court has jurisdiction over any land shown on the plat.[26] Again, the General Assembly could have chosen to restrict the venue that the statute grants by using different language.

The plain language of this section favors the Petitioners' construction. Had the General Assembly intended to permit an appeal only by members of the subdivision appearing on the plat, they could easily have used more restrictive language than "owner of any lot" or "land shown on the plat." Instead, the General Assembly chose to extend the right of appeal to those adjacent lot owners in close enough proximity to the subdivision for their lots to be mapped and noted on the subdivision plat. The General Assembly sensibly chose not to include these same adjacent lot owners when returning ownership of vacated roads, originally part of the subdivision grant, to subdivision lot owners in Va. Code § 15.2-2274. In that case, the adjacent lot owners should not acquire ownership of such vacated roads that they had never originally owned. In this case, conversely, the Petitioners do not seek ownership, but seek to prevent diminution in value and usage of their adjacent real property.

As this case illustrates, adjacent landowners often have a strong interest in the existence or obliteration of an access road, without any interest in the ownership of the strip of land on which the road sits. Here, the road in question dead-ends into Petitioners' property. Their interest is obviously greater than many of the lot owners located in remote corners of the subdivision to whom the Defendants would argue the statute extends the right to appeal. Accordingly, the Petitioners have standing, and the Defendant's Special Plea is denied.

3. *Motion to Amend Pleadings*

Defendants also oppose the Petitioners' request for leave to amend their Motion for Declaratory Judgment. Defendants urge the Court to deny the Petitioners' request on the grounds that it is untimely and the Petitioners have not given a valid reason for their unseasonable motion.

When determining whether to grant a party leave to amend its pleadings, Rule of Court 1:8 governs. Rule 1:8 states that a party may amend pleadings that

---

[25] (Emphasis added.)
[26] *See* Va. Code § 15.2-2272(2).

have been filed only by leave of court. However, "leave to amend shall be *liberally* granted in furtherance of the ends of justice." [27] The decision to permit amendment of pleadings rests within the sound discretion of the trial court. [28] When considering whether to grant a plaintiff leave to amend, the Court should determine if the defendant will be prejudiced in any way. [29]

The Petitioners initiated this declaratory judgment action on December 16, 2003, about four months ago. A trial date has not been set and argument was only recently heard on these motions. Furthermore, no discovery has yet been propounded. Permitting amendment at this stage of the litigation would not prejudice either Defendant. [30] The Petitioners are seeking leave to amend for the first time in the course of this litigation, [31] and, to this point, have done nothing to delay or hinder the resolution of this case.

The Defendants also contend that Petitioners have failed to show that an amendment would not be futile. To exemplify this contention, the Defendants point to the fact that the Petitioners have not specified how the original motion would be amended nor have they included a copy of the proposed amended motion.

There is no technical burden upon a party seeking leave to amend to demonstrate that the amendment will not be futile. Nothing within the Rules or Virginia's jurisprudence calls for such a showing. Demonstrated futility may lead the Court to conclude, in the exercise of its discretion, that the ends of justice would not be advanced. [32] Futility of any amendment not being presently apparent to the Court, the Court will not endeavor to create a proof requirement where none exists.

Furthermore, it is not incumbent upon the Petitioners to produce a copy of their proposed amendment when seeking leave of court. Though such a procedure may be preferable and is often done, it is not required. There is no

---

[27] Va. Sup. Ct. Rule 1:8 (Repl. Vol. 2000) (emphasis added).

[28] *Peterson v. Castano*, 260 Va. 299, 303, 534 S.E.2d 736, 738 (2000).

[29] *Mortarino v. Consultant Eng'g Servs., Inc.*, 251 Va. 289, 295-96, 467 S.E.2d 778, 782 (1996).

[30] *See Nelson v. Commonwealth*, 235 Va. 228, 244, 368 S.E.2d 239, 248 (1988) (allowing amendment of pleadings thirteen days prior to trial); *Bell v. Kirby*, 226 Va. 641, 646, 311 S.E.2d 799, 802 (1984) (permitting amendment to increase *ad damnum* two days before trial).

[31] *Mortarino*, 251 Va. at 296, 467 S.E.2d at 782.

[32] *See Tsapel v. Anderegg*, 51 Va. Cir. 139 (City of Richmond 1999). In *Tsapel*, the circuit court denied the plaintiff leave to amend because the judge determined that the proposed amendment would not have survived the defendant's plea and summary judgment motion. *Id.* at 142. The case there was decided on a plea of sovereign immunity and partial summary judgment. *Id.* at 140-42. The Court determined that sovereign immunity and the stipulations entered into by the plaintiff eliminated any claim of liability by the defendant. *See id.*

purpose to be served, in this case, by mandating that the Petitioners include their proposed amendment to obtain leave to amend their pleadings.

Because the Defendants have not shown that they will be prejudiced by an amendment, the Petitioners are hereby granted leave to amend their Motion for Declaratory Judgment, in furtherance of the ends of justice.