## CIRCUIT COURT OF BOTETOURT COUNTY

Leslie D. Booher et al.,
Trustees of Rainbow Forest
Baptist Church

v.

Botetourt County
Board of Supervisors et al.

October 6, 2004

Case No. CH03-280

BY JUDGE CHARLES N. DORSEY

This matter is before the Court on Defendants' demurrers and special pleas. For the following reasons, the Court overrules Defendants' demurrers and denies the Defendants' special pleas.

*Facts*

As set out in the prior opinion,[1] the facts are as follows. On September 28, 1997, the Brookfield Subdivision Plat was recorded in Plat Book 18, Pages 104 and 105, located in the Clerk's Office of the Circuit Court of Botetourt County. The survey of the subdivision provided for a "Future Road" between Lot 6 and Lot 7, on the northeast side of Brookfield Lane. The Future Road connected Brookfield Lane to property owned, at that time, by George L. and Sarah R. Turpin. Mr. Turpin subsequently conveyed the property to the Petitioners on December 3, 1998. Mrs. Turpin passed away prior to such conveyance.

---

[1] 65 Va. Cir. 53. [Reporter's Note]

Thereafter, the Petitioners herein, the Trustees of Rainbow Forest Baptist Church, hired Providence Engineering to design plans for developing the Church. Providence prepared the plans and submitted copies to Botetourt County. The plans maintained use of the Future Road by the Church for access to Brookfield Lane. The Associate County Planner informed Providence that the proposed road was a right-of-way that had been dedicated to the County and that the Church did not have the legal right to develop the road. Approximately two months later, the Botetourt County Board of Supervisors ("Board") scheduled a public hearing to consider vacating and abandoning the proposed Future Road. On November 25, 2003, the Board did adopt an ordinance vacating and abandoning any plans for construction of the Future Road on that Plat for the subdivision adjacent to the Church. In response, the Petitioners appealed in accordance with Virginia Code § 15.2-2272 and filed a Motion for Declaratory Judgment on December 16, 2003, requesting that the Court declare this ordinance null and void. The Petitioners assert that their lot, located northeast of the subdivision and formerly owned by the Turpins, will be irreparably damaged by the vacation of the Future Road.

The Board demurred to the Petitioners' Motion for Declaratory Judgment on the grounds that it did not plead facts sufficient to overcome the presumption favoring validity of local ordinances. Kathy W. Coldewey simultaneously filed a petition to intervene as a Defendant in this case, a special plea contending that the Petitioners lacked standing to sue under Virginia Code § 15.2-2272, and a demurrer on the grounds Petitioners' Motion for Declaratory Judgment did not state a cause of action. Petitioners sought leave to file an Amended Motion for Declaratory Judgment on March 29, 2004. On April 6, 2004, a hearing was held on the Defendants' special plea, demurrers, and objections to granting Petitioners leave to amend. The Court ruled that the petition to intervene was granted, the demurrer of the Board was overruled, the demurrer of Kathy W. Coldewey was overruled, the special plea of Kathy Coldewey was denied, and the Motion to Amend the Pleadings by Petitioners was granted.

Pursuant to that order, Petitioners filed their Amended Motion for Declaratory Judgment. In response, there are four motions before the Court. First, the Board has demurred to the Petitioners' Amended Motion for Declaratory Judgment. Second, Ms. Coldewey also demurs to the Amended Motion for Declaratory Judgment. Third (and fourth), both the Board and Ms. Coldewey move to dismiss this action on the ground that the Petitioners lack standing pursuant to Virginia Code § 15.2-2272.

*Analysis*

1.A. *Demurrer to the Amended Motion for Judgment for Failure to Allege Facts Sufficient to Show that the Ordinance Causes the Petitioners Irreparable Damage*

Generally, the purpose of a demurrer is only to test the legal sufficiency of the pleadings.[2] Since all material facts pleaded, implied, or which may be inferred are to be taken as true, "the sole question to be decided by the trial court is whether the facts . . . are legally sufficient to state a cause of action against the defendant." *Thompson v. Skate Am., Inc.*, 261 Va. 121, 128, 540 S.E.2d 123, 126-27 (2001). These facts and inferences are viewed in the light most favorable to a plaintiff. *W. S. Carnes, Inc. v. Board of Supervisors*, 252 Va. 377, 384, 478 S.E.2d 295, 300 (1996). However, a plaintiff is not entitled to the assumption that his legal theories are correct. *Ward's Equip., Inc. v. New Holland N. Am., Inc.*, 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997).

The demurrers assert that the Amended Motion for Declaratory Judgment fails to allege facts sufficient to show irreparable harm requisite for appealing the Board's decision to vacate the proposed Future Road under Virginia Code § 15.2-2272. Specifically, the Defendants argue that the basis that Petitioners provide for irreparable harm is not sufficient enough to establish it. Defendants also argue that, because Petitioners cannot plead facts sufficient to establish irreparable harm, they are not entitled to an appeal pursuant to Virginia Code § 15.2-2272(2).[3] The Amended Motion for Declaratory Judgment alleges irreparable harm with the following language:

(a) Access to a very large tract of land would be limited in such a manner so as to be unreasonably restrictive;

(b) That the Botetourt County administration, in 1997, felt that the access road as shown on the Brookfield Section 3 plat was necessary;

---

[2] "On demurrer, a court may examine not only the substantive allegations of the pleading attacked but also any accompanying exhibit mentioned in the pleadings." *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993) (quoting *Flippo v. F & L Land Co.*, 241 Va. 15, 17, 400 S.E.2d 156, 156 (1991)).

[3] The relevant section of Va. Code § 15.2-2272(2) reads "Upon appeal the court may nullify the ordinance if it finds the owner of any lot shown on the plant will be irreparably damaged."

(c) That no changes have occurred which would alter or vary from the necessity of this access in order to provide for the reasonable development of the property acquired by the Petitioners herein;

(d) That the property of the Petitioners herein would be irreparably damaged if the ordinance is allowed to stand.

The Board correctly asserts that the Supreme Court of Virginia has held that "in traditional chancery practice, lack of proof of irreparable harm is generally fatal." *Carbaugh v. Solem*, 225 Va. 310, 314, 302 S.E.2d 33, 35 (1985). The Board cites the case of *Bradlees Tidewater, Inc. v. Walnut Hill Investment Inc.*, which reversed the trial court's grant of injunctive relief because the Supreme Court ruled the plaintiff failed to "prove" irreparable harm. *Bradlees Tidewater, Inc. v. Walnut Hill Investment, Inc.*, 239 Va. 468, 475, 391 S.E.2d 304, 308 (1990). The Board asserts that, because the Petitioners have failed to "prove" irreparable injury, its demurrer should be sustained. This position overstates Petitioners' burden at this stage. Contrary to *Bradlees*, the current motion is based solely on the substantive allegations made in the pleadings and any exhibits referenced in them. The decision in *Bradlees* was based on the evidence presented at trial and the plaintiff's inability to meet its burden of proof of irreparable injury at trial. The Petitioners here do not yet have the burden of "proving" irreparable harm, only the burden to plead facts "legally sufficient to state a cause of action." *Thompson v. Skate Am., Inc.*, 261 Va. 121, 128, 540 S.E.2d 123, 126-27 (2001). Furthermore, "a demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof." *Glazebrook v. Board of Supervisors*, 266 Va. 550, 554, 587 S.E.2d 589, 591 (2003). Consequently, Petitioners have met the present burden of legal sufficiency by alleging irreparable harm through unreasonably restrictive access and the necessary nature of the roadway. The Petitioners may not ultimately carry their evidentiary burden of proof, but the proceedings have yet to reach that stage.

The Board also asserts that, as a prerequisite for equity jurisdiction, Petitioners must plead that money damages would not redress their alleged injuries. However, the claim here is not asserted under traditional equity jurisdiction. Rather, Petitioners are seeking an extraordinary equitable remedy that is provided by statute. The plain language of the statute provides that "Upon appeal the court may nullify the ordinance if it finds that the owner of any lot shown on the plat will be irreparably damaged." Va. Code § 15.2-2272(2). This language does not require that inadequacy of a remedy at law must be shown. See below. Petitioners are not required to plead or prove

that money damages would be insufficient to redress their injuries. This demurrer is overruled.

**I.B.** *Demurrer to the Amended Motion for Declaratory Judgment for Failure to Prove Irreparable Damage as a Matter of Law*

As additional grounds, the Board and Ms. Coldewey assert that, even if sufficient facts have been pleaded, irreparable damage cannot be proved as a matter of law. The Board argues that, even if the Petitioners were successful upon appeal and the Court nullified the ordinance, there is no assurance that the Future Road would ever be opened by the Board, because it is within the discretion of the Board to do so. The Board essentially argues that, because an injunction would not result in guaranteed gain for Petitioners, they cannot prove that failure to grant the injunction will result in irreparable loss or damage. The Board's argument fails because, although the decision to open a street "is a matter within the legislative discretion of the governing body of a municipality," this does not mean that the Petitioners cannot be irreparably harmed. *City of Staunton v. Cash*, 220 Va. 742, 747, 263 S.E.2d 45, 48 (1980). Although Petitioners ultimately desire that the Future Road be opened for their access, the nullification of the ordinance is a factual prerequisite. The Future Road cannot become a city road unless the city actually has authority and ownership over it. Even though there is no guarantee that the Future Road will be opened, it cannot possibly happen if an injunction is not granted. The loss of such possibility constitutes irreparable damage. Consequently, Petitioners' pleadings do allege irreparable damage as a matter of law, and this demurrer is overruled.

**1.C.** *Demurrer to the Amended Motion for Declaratory Judgment for Failure to Overcome the Presumption of Validity*

The Board and Ms. Coldewey also demur on the grounds that the ordinance is presumed to be valid and Petitioners have not pleaded anything to rebut the presumption. Defendants correctly state the law in regard to ordinances, but incorrectly state its application to the present controversy. Ordinances are "presumed to be valid," and "every presumption is in favor of the validity and reasonableness of municipal ordinances." *Estes Funeral Home v. Adkins*, 266 Va. 297, 303, 586 S.E.2d 162, 165 (2003); *Richmond Funeral Directors' Ass'n v. Groth*, 202 Va. 792, 795, 120 S.E.2d 467 (1960). However, the case law deals with challenges to the validity of an ordinance on constitutional grounds. In the present dispute, the relief that the Petitioners

seek is not constitutionally based, it is expressly codified by statute. Moreover, the statute only requires that the Petitioners show "irreparable damage." Va. Code § 15.2-2272(2). The Board also argues that the language of Va. Code § 15.2-2272(2) stating the court "may" nullify the ordinance implies the presumption of validity. Adding such a requirement to this ordinance, would ignore the plain language of Virginia Code § 15.2-2272 and read into it another requirement for an aggrieved party not authorized by the General Assembly.[4] Consequently, Petitioners are not required to overcome a presumption of reasonableness. This demurrer is overruled.

## 2. *Special Pleas to Petitioners' Standing Under § 15.2-2272*

The Board, for the first time, and Ms. Coldewey, for the second time, bring a motion to dismiss this action on the ground that the Petitioners lack standing to sue under Virginia Code § 15.2-2272 because they are not within the subdivision containing the vacated street. Ms. Coldewey's previous motion to dismiss for lack of standing was denied for reasons set forth in the Opinion dated April 29, 2004, [65 Va. Cir. 53]. The Board was free to plead this motion after Petitioners filed the Amended Motion for Declaratory Judgment. Likewise, Ms. Coldewey was free to re-plead her motion to dismiss. However, because the Defendants' current special pleas are based on the same argument for lack of standing, challenging the same underlying facts as Ms. Coldewey's previous special plea, Defendants' special pleas are denied for the reasons set forth in the April 29, 2004, Opinion, which Opinion is incorporated herein by reference.

---

[4] "The preeminent canon of statutory interpretation requires us to presume that [the] legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54, 117 L. Ed. 2d 391, 112 S. Ct. 1146 (2004).